## SUPREME COURT.

GEORGE GRAHAM agt. GABRIEL T. HARROWER and DANIEL B. BISSELL.

Where the defendants, in an action for taking from the possession of the plaintiff and converting personal property, put in a general denial, and for a further defence justify the taking and selling the property by one of the defendants as sheriff, by virtue of a certain execution against the former owner of the property—the defendants, on the trial, will not be allowed to prove that the goods were levied upon by the sheriff (one of the defendants), under *another execution* before the plaintiff claimed title to the property.

If the defendant had made such a levy, and thereby acquired a right to take the property, it was incumbent on him, if he would avail himself of that right, in his defence, to set forth the special facts connected with it in his answer.

Where there is *any evidence* authorizing the *inference of a sale* of personal property sufficient to submit that question to the jury, it is a sufficient *consideration*, and the court can not be called upon to charge the jury that a *specific consideration* is necessary to be proved to authorize the sale.

*Monroe Special Term, September,* 1857.

MOTION by defendants on a case for a new trial.

MONELL & WILLARD, *for defendants.*
WM. IRVINE, *for plaintiff.*

T. R. STRONG, Justice.   It is alleged in the complaint, that the defendants wrongfully took from the possession of the plaintiff and carried away the goods in question, and afterwards converted the same to their own use.

The defendants in their answer say, they have not knowledge or information sufficient to form a belief, whether the defendants wrongfully took the goods from the possession of the plaintiff, or whether the goods were his property, and therefore they deny the same; and, for a second defence, justify the taking and sale of the goods under an execution in favor of Suydam, Reed & Co., against E. R. & E. L. Payne—the owners of the goods prior to the plaintiff.

Graham agt. Harrower.

It was proved at the trial that the goods were taken and sold under such an execution, the goods being, at the time of the levy, in the possession of the plaintiff, who claimed title to the same. The deputy sheriff testified that he had two executions against the Paynes at the time. The defendants proposed to prove that the goods were levied upon by the sheriff, one of the defendants, under an execution, before the plaintiff claimed title to the goods. This was objected to, and the objection was sustained.

This offer of proof had reference to some other execution than the one in favor of Suydam, Reed & Co., as it appeared that execution was issued the 18th of January, 1855, and it had been fully proved when the offer was made that the plaintiff was, at that time, in the actual possession of the goods, and selling them by retail as a merchant.

I think it was not competent, under the general denial in the answer, to prove a prior levy under another execution. If the defendant had made such a levy, and thereby acquired a right to take the goods, it was incumbent on him, if he would avail himself of that right in his defence, to set forth the special facts connected with it in his answer. It is against the whole policy of the provisions of the Code relating to pleading, to allow a party to be surprised at the trial by such special matter. Assuming that, under such pleading, the general title may be shown to be in the defendants, it is not, I am satisfied, allowable to prove such a mere special property in them as was proposed to be shown in this case.

The single question submitted to the jury was, whether, as between the Paynes and the plaintiff, the title to the goods had passed to the latter. There was evidence that the Paynes had been in business, as merchants, in the store where these goods were about a year before the plaintiff commenced business there as a merchant; that they left the store and the goods in question therein, and the plaintiff took possession thereof some eight days before the levy; that the plaintiff employed clerks, and from the time of taking possession to the levy was engaged in selling the goods in the store by re-

tail, claiming to be the owners; and there was no proof that the Paynes, who resided in the same village, during the eight days or afterwards, asserted any claim, or made any objection, or in any way interfered with the business of the store. ·I am satisfied it was the duty of the court, upon this evidence, as was done, to submit the question of the sale to the jury; and that their finding thereon cannot properly be disturbed. If the Paynes had sued the plaintiff as a wrong-doer for selling those goods, it is clear to my mind that the latter would have been entitled, on such evidence of title as in this case, to have a verdict of a jury upon the question, whether he was not the owner of the goods by purchase of the Paynes; and that a verdict in his favor would be final. So, if the Paynes had sued the plaintiff to recover the value of the goods, as for goods sold and delivered, they might, upon such proof, require the case to be submitted to the jury; and a verdict of the jury, finding a sale, would not be set aside as against evidence. .

The court was requested to charge the jury, that it was necessary, to entitle the plaintiff to recover, that he should prove he gave some consideration for the goods. The proposition involved, as I understand it, is, that some further evidence, proving a consideration specifically, was required to establish a sale by the Paynes to the plaintiff. I think this position cannot be supported. Any evidence, authorizing the inference of a sale, would prove a consideration as well as any of the other elements of a sale.

No question of fraud was raised, and of course no evidence was given or offered to such a point in the case.

In my opinion, the motion for a new trial should be denied, with costs.

NOTE.—Affirmed on appeal—WELLES, SMITH, and JOHNSON, Justices.