## JACOBS *a.* REMSEN.

*Supreme Court, Second District; General Term, Sept.,* 1861.

ATTACHMENT.—FRAUDULENT CONVEYANCE.—SHERIFF.—PLEADING.

To an action brought to recover the value of property wrongfully taken, and not merely damages for a trespass, title in the defendant at the time of commencing the action is a complete defence.

In any action it would be material on the question of damages.

A sheriff who, acting under a warrant of attachment, issued as a provisional remedy under the Code, in an action, before judgment, has seized property claimed by the vendee under an assignment from the defendant in the attachment, and who has subsequently, upon a *judgment recovered* in the attachment-action, and execution issued thereon, sold the attached property, may, in defence of an action against him by such vendee to recover the value of the property, plead and prove these facts, and that the alleged assignment was fraudulent and void, as against the attaching creditor.

But such defence must be pleaded. If the judgment is not set up in the answer, it cannot be proved.

Motion for new trial on case and exceptions.

The action was brought for wrongfully taking and converting property. The plaintiff claimed to own the same as assignee of Frederick Weichel, by virtue of an assignment dated the 14th of

November, 1859, alleged to have been made for the benefit of creditors. The defendant was the sheriff of the county of Kings. He alleged in his answer that the property was taken by him by virtue of an attachment issued out of the Supreme Court in an action in favor of one Frederick A. Dryer *a.* Frederick Weichel, in which action *a judgment was subsequently recovered* and an execution issued, under which execution he levied upon and sold the property, as sheriff.

Upon the trial, after the plaintiff had rested, the defendant offered in evidence an attachment issued out of the Supreme Court in favor of Frederick A. Dryer *a.* Frederick Weichel, on the 9th of December, 1859, and affidavit, &c., on which it was issued. The testimony was objected to by the counsel for the plaintiff, on the ground that an *attaching creditor* was not in a position to attach the assignment, and the testimony was excluded. The defendant then offered in evidence the judgment-roll in the case of Frederick A. Dryer *a.* Frederick Weichel, being the same suit in which the attachment was issued, which judgment was entered January 18th, 1860; and also the execution issued thereon and received by sheriff on January 18th, 1860.

This was objected to, on the ground that the judgment was obtained and execution issued subsequent to the levy, and under the attachment for the taking under which this action is brought.

The objection was sustained, and defendant's counsel excepted.

The defendant then offered to show that the goods seized by the sheriff under the attachment, were afterwards sold by him under the execution.

This was objected to by the plaintiff's counsel; the objection was sustained, and defendant's counsel excepted.

The court also excluded the question of fraud or good faith in the assignment.

After the testimony was closed, the learned justice, among other things, charged the jury " that with the question whether the assignment of Weichel to Jacobs was or was not fraudulent as to creditors, the jury had nothing to do. The *bona fides* of that assignment were not before them."

To which part of the judge's charge the defendant excepted.

A verdict was rendered for the plaintiff: the case was brought before the general term upon a case and exceptions.

*M. L. Townsend*, for plaintiff.

*Hooper C. Van Vorst*, for defendant.

By THE COURT.*—EMOTT, J.—This case has been before us on a former occasion, on an application by the plaintiff to set aside a nonsuit which was granted at the first trial of the cause at the circuit. The judge before whom the cause was then tried, held that the assignment under which the plaintiff claims was void upon its face, and dismissed the complaint. Upon consideration at the general term, however, we were of a different opinion, under the doctrines laid down by the Court of Appeals in the most recent cases, and the cause was sent back for a new trial. In the opinion delivered on that occasion, the materiality of certain facts and considerations upon the question of an actual fraudulent purpose in the assignor was indicated.

At the second trial, the judge who presided refused to permit any evidence to be given of these facts, or of any others upon the good faith of the assignment, and expressly excluded the question of fraud or good faith from the consideration of the jury. The learned judge thus held in conformity to what he supposed to be the doctrine of this court in the two cases of Hall *a.* Stryker (9 *Abbotts' Pr.*, 342) and Rinchney *a.* Stryker. In this, however, he fell into an error. The present case is clearly distinguished from either of these cited.

In Hall *a.* Stryker no judgment had been recovered, and the whole justification, both in pleading and in evidence, was by an attachment issued at the commencement of a suit against the assignor. We have seen no reason to alter or depart from the views expressed by us in that case, although they have been dissented from by a co-ordinate tribunal in the city of New York, of high character and eminent ability.† In the case of Rinchney *a.* Stryker there had been a judgment recovered since the suit against the sheriff, but it was not set up in the answer, and we held that without being pleaded it could not be proved. The point in that case was a question of pleading only, and the decision was not intended to go beyond the case of Hall *a.* Stryker. In the case at bar the defendant justified in his an-

---

* Present, EMOTT, BROWN, and LOTT, JJ.

† Thayer *a.* Willett, 9 *Abbotts' Pr.*, 325.

swer under an attachment by which he first seized the goods, and a judgment and execution subsequently recovered in the attachment-suit by which he held them. The facts are thus different from the first case cited, and the pleading avoids the difficulty presented in the second.

This is an action to recover damages for the taking and conversion of property. The answer set up an original taking by attachment, and a subsequent judgment and execution in the attachment-suit, and a levy on the property. The judge at the trial excluded the judgment-record, and refused to permit the defendant to question the good faith of the plaintiff's title. But even if the first taking could not be justified, the justification of the subsequent holding at the time of the commencement of the suit would be very material in any action upon the question of damages.

This, however, was an action to recover the value of the property, and not merely a suit for a trespass in interfering with it. It would be a complete answer to such an action, to plead and prove a title in the defendant at the time of the commencement of the suit. The defendant offered evidence which would go to such a justification; that is, he offered to show that the plaintiff had no title, and that he, representing a judgment-creditor of the person who had the title, was lawfully in possession. The evidence should have been received, and the case should have been sent to the jury upon the question of fraud in the assignment by Weichel to Jacobs.

The verdict is set aside and a new trial ordered, the costs to abide the event.