C. D. MACLAREN, as Trustee for the Benefit of Creditors of Wellington I. Ginther, v. D. A. KRAMAR, Sheriff of McHenry County, North Dakota.

(— L.R.A.(N.S.) —, 144 N. W. 85.)

**General assignment — benefit of creditors — proceeds of estate — distribution — provisions in deed — coercion of creditors — void — exemptions — surplus of estate.**

1. A purported general assignment for the benefit of creditors, which contains a provision directing the assignee or trustee, after converting the property into cash, "to distribute the proceeds of said property ratably among the creditors of the party of the first part as shall consent to this trust agreement, *and shall agree in consideration of the benefits accruing to them thereunder, to absolve and discharge the party of the first part from any and all liability,*" construed, and *held* void upon its face as an unlawful attempt by the debtor to coerce his creditors to surrender a portion of their just claims as a condition to receiving their just share of the estate, and tends directly to delay and hinder them in the collection of their claims.

Such purported assignment is also held to be void for the reason that it does not purport on its face to transfer all of the debtor's unexempt property and provides for the payment to the debtor of any surplus which may remain in the trustee's hands after satisfying the claims of the assenting creditors, thus operating to put such surplus beyond the reach of nonassenting creditors, and to hinder and delay them in the collection of their demand.

**Judgment and execution — justification under — new matter — defense — must be pleaded.**

2. The defense of justification under judgment and execution constitutes new matter, and must be pleaded in the answer in order to avail defendant as a defense.

**Testimony — objection to same — timely made — exceptions — pleading — amendment to conform to proof — not timely made — amended answer after trial, not timely made.**

3. Where testimony tending to show such justification under an answer amounting merely to a general denial is promptly objected to when offered and exceptions preserved, the pleadings cannot, after the trial, be amended to conform to the proof introduced under such objection; nor, does the allowance thereafter of the service and filing of an amended answer, pleading such justification, operate to avail defendant where no proof is thereafter offered in support of such amended answer.

Opinion filed October 7, 1913.   Rehearing denied November 21, 1913.

Appeal from District Court, McHenry County; *A. G. Burr,* J. From a judgment in defendant's favor, plaintiff appeals.

Reversed and a new trial ordered.

*Pierce, Tenneson, & Cupler,* for appellant.

The deed of assignment is valid. In the absence of fraud, every contract of a debtor is valid against his creditors who have not a lien on the property affected. Rev. Codes 1905, § 6634.

A debtor may prefer one creditor to another. Rev. Codes 1905 § 6635.

The question as to whether a transfer is fraudulent is, in this state, one of fact, and not one of law. Rev. Codes 1905, § 6640.

Voluntary general assignments by failing debtors, unless prohibited by statute, are valid. 3 Pom. Eq. Jur. 3d ed. § 994, and note; 4 Cyc. 129, 163; 3 Am. & Eng. Enc. Law, 2d ed. 5.

Right to prefer creditors by paying the claims of some of them to the exclusion of others is a necessary result of the absolute dominion

and *jus disponendi* which a man has over his own property. 5 Enc. Law & Pr. 1157; Joas v. Jordan, 21 S. D. 379, 113 N. W. 73; Mc-Avoy v. Jennings, 39 Wash. 109, 81 Pac. 77.

As against the assignee, in whom the title to the debtor's property had vested, a creditor cannot acquire title by subsequent execution sale of property as the property of the assignor. Thaxton v. Smith, — Tex. Civ. App. —, 38 S. W. 820, 90 Tex. 589, 40 S. W. 14; Taylor v. Mahoney, 94 Va. 508, 27 S. E. 107.

A trust assignment is not fraudulent on its face because of the length of time granted for its execution. Graham v. Weaver, 97 Tenn. 485, 37 S. W. 221.

Assignment providing for employment of the debtor at a stated salary is not void *per se*. Smith v. Craft, 123 U. S. 436, 31 L. ed. 267, 8 Sup. Ct. Rep. 196; Bamberger v. Schoolfield, 160 U. S. 149, 40 L. ed. 374, 16 Sup. Ct. Rep. 225; Hoppe Hardware Co. v. Bain, 21 Okla. 177, 17 L.R.A.(N.S.) 310, 95 Pac. 765; Hurst v. Leckie, 97 Va. 550, 75 Am. St. Rep. 798, 34 S. E. 464; Red River Valley Nat. Bank v. Barnes, 8 N. D. 432, 79 N. W. 880; F. Meyer Boot & Shoe Co. v. C. Shenkberg Co. 11 S. D. 620, 80 N. W. 126; 5 Enc. L. & P. 1509.

Does not require notice to creditors before sale. McAvoy v. Jennings, 44 Wash. 79, 87 Pac. 53; Peterson v. Doak, 43 Wash. 251, 86 Pac. 663.

Preference is the rule in this jurisdiction. Cutter v. Pollock, 4 N. D. 210, 25 L.R.A. 377, 50 Am. St. Rep. 644, 59 N. W. 1062.

The answer of the defendant is not sufficient to raise the defense of justification, or that the assignment was fraudulent and void. 20 Enc. Pl. & Pr. 151–153; 35 Cyc. 1747–1818.

The writ must identify the court which rendered the judgment; a defect in this respect is substantive and material. 8 Enc. Pl. & Pr. 406; Trotter v. Nelson, 1 Swan, 7.

It was not necessary to serve notice of his claim on the sheriff. The sheriff already had notice. Aber v. Twichell, 17 N. D. 229, 116 N. W. 95; Mariner v. Wasser, 17 N. D. 361, 138 Am. St. Rep. 714, 117 N. W. 343; Probstfield v. Hunt, 17 N. D. 572, 118 N. W. 226.

The issues cannot be changed or new ones introduced by amendment, after cause has been tried and submitted. 31 Cyc. 402, 403, note, 18.

*Christianson & Weber,* for respondent.

Specifications of error not argued or presented by briefs will be deemed as abandoned. Rule 14, Supreme Court Rules; Pendroy v. Great Northern R. Co. 17 N. D. 434, 117 N. W. 531; Nokken v. Avery Mfg. Co. 11 N. D. 404, 92 N. W. 487; Foster County Implement Co. v. Smith, 17 N. D. 178, 115 N. W. 663; Ulmer v. McDonnell, 11 N. D. 399, 92 N. W. 482; Kelly v. Pierce, 16 N. D. 235, 12 L.R.A.(N.S.) 180, 112 N. W. 995.

The particular wherein a ruling or decision is claimed as error must be pointed out and the reason given. 2 Cyc. 1016.

Where defendant takes property wrongfully and by trespass, the plaintiff, if he chooses to bring this form of action, waives the trespass and admits the possession to have been lawfully gotten. Lord Mansfield in Cooper v. Chitty, 1 Burr. 20, 1 W. Bl. 65.

On the other hand, replevin and detinue were the proper forms of action to regain possession of personal property, and damages. 34 Cyc. 1353.

Here, claim and delivery takes the place of the common-law action of replevin. Willis v. DeWitt, 3 S. D. 281, 52 N. W. 1090.

The complaint in this action puts in issue the two main propositions in claim and delivery,—ownership and possession; and the answer was sufficient. Swope v. Paul, 4 Ind. App. 463, 31 N. E. 42; Haynes v. Kettenbach Co. 11 Idaho, 73, 81 Pac. 114; Nichols & S. Co. v. Minnesota Thresher Co. 70 Minn. 528, 73 N. W. 415; Plano Mfg. Co. v. Daley, 6 N. D. 334, 70 N. W. 277; Bailey v. Swain, 45 Ohio St. 657, 16 N. E. 370; Conner v. Knott, 8 S. D. 304, 66 N. W. 461; Best v. Stewart, 48 Neb. 859, 67 N. W. 881; Pitts Agricultural Works v. Young, 6 S. D. 557, 62 N. W. 432.

Plaintiff must recover on strength of his own title, and not on weakness of that of the defendant. 38 Cyc. 2048.

Courts here may allow amendment to pleading even after judgment. Rev. Codes 1905, § 6883; Mills v. Howland, 2 N. D. 30, 49 N. W. 413.

Amendments are favored by the courts. Anderson v. First Nat. Bank, 5 N. D. 80, 64 N. W. 114; Moore v. Booker, 4 N. D. 543, 62 N. W. 607; Finnegan v. Ulmer, 31 Nev. 523, 104 Pac. 17.

The matter of allowing or refusing an amendment to the pleadings

rests in the sound discretion of the court. Omlie v. O'Toole, 16 N. D. 126, 112 N. W. 677; Barker v. More, 18 N. D. 82, 118 N. W. 823; Webb v. Wegley, 19 N. D. 606, 125 N. W. 562; State Finance Co. v. Halstenson, 17 N. D. 145, 114 N. W. 724; Babcock v. Ormsby, 18 S. D. 358, 100 N. W. 759; First Nat. Bank v. Red River Valley Nat. Bank, 9 N. D. 322, 83 N. W. 221; Bigelow v. Draper, 6 N. D. 152, 69 N. W. 570; 1 Enc. Pl. & Pr. 518; Murphy v. Plankinton Bank, 18 S. D. 317, 100 N. W. 614; Warder v. Patterson, 6 Dak. 83, 50 N. W. 484; Rev. Codes, §§ 6766, 7326.

Even if an order of the court is irregular, it is binding until vacated. Warder v. Patterson, supra; Rowe v. Blake, 112 Cal. 637, 44 Pac. 1084; 29 Cyc. 1521, 1522; Mahon v. Fansett, 17 N. D. 104, 115 N. W. 79; McLain v. Nurnberg, 16 N. D. 144, 112 N. W. 243.

Acquiescence in error takes away the right of objecting to it. Rev. Codes 1905, § 6663; Pyke v. Jamestown, 15 N. D. 163, 107 N. W. 359; Rev. Codes, § 7317, subd. 32; Clyde v. Johnson, 4 N. D. 92, 58 N. W. 512; Moore v. Ellis, 89 Wis. 108, 61 N. W. 291; Marengo Sav. Bank v. Kent, 135 Iowa, 386, 112 N. W. 767.

The complaint is insufficient in that it fails to set out facts showing the manner and validity of plaintiff's appointment as receiver. Wheeler v. Hawkins, 101 Ind. 486; Foster v. Brown, 65 Ind. 234; Cheadle v. Guittar, 68 Iowa, 680, 28 N. W. 14; Rev. Codes, § 6858.

Verified demand for goods should have been served upon defendant. West v. St. John, 63 Iowa, 287, 19 N. W. 238; Rev. Codes 1905, § 6951; Mariner v. Wasser, 17 N. D. 361, 138 Am. St. Rep. 714, 117 N. W. 343; Cheadle v. Guittar, 68 Iowa, 680, 28 N. W. 14.

Trust deeds under general assignments, excluding creditors who do not assent to terms, are void. Also, where it is provided that the surplus, after settling with assenting creditors, should be paid to debtor. Grimshaw v. Walker, 12 Ala. 101; Lill v. Brant, 6 Ill. App. 366; Bangs v. Fadden, 5 N. D. 94, 64 N. W. 78; May v. Walker, 35 Minn. 194, 28 N. W. 252; McConnell v. Rakness, 41 Minn. 3, 42 N. W. 539; Rev. Codes, § 6637; Re Courtenay Mercantile Co. 186 Fed. 352; Lookout Bank v. Noe, 86 Tenn. 21, 5 S. W. 433; Sweet, D. & Co. v. Neff, 102 Wis. 482, 78 N. W. 745; Session Laws 1907, chap. 221.

Sales of property in violation of the law are invalid. Young v. Lemieux, 79 Conn. 434, 20 L.R.A.(N.S.) 160, 129 Am. St. Rep.

193, 65 Atl. 436, 600, 8 Ann. Cas. 452, 211 U. S. 489, 53 L. ed. 295, 29 Sup. Ct. Rep. 174; Spurr v. Travis, 145 Mich. 721, 116 Am. St. Rep. 330, 108 N. W. 1090, 9 Ann. Cas. 250; Pierson & H. Co. v. Noret, 154 Mich. 267, 117 N. W. 644; Hanna v. Hurley, 162 Mich. 601, 127 N. W. 710; People's Sav. Bank v. Van Allsburg, 165 Mich. 524, 131 N. W. 101; Interstate Shirt & Collar Co. v. Windham, 165 Mich. 648, 131 N. W. 102.

The identity of the court and of the judgment is amply sufficient. 17 Cyc. (XII. A 1) 1001; Ross v. Shurtleff, 55 Vt. 177; Wright v. Nostrand, 94 N. Y. 31.

An officer is justified in executing any order or process, regular on its face, and coming from proper authority. Rev. Codes 1905, § 2512.

It has been held that a valid execution may issue, even though judgment has not been entered. Hastings v. Cunningham, 39 Cal. 137; Los Angeles County Bank v. Raynor, 61 Cal. 145; Drake v. Harrison, 69 Wis. 99, 2 Am. St. Rep. 717, 33 N. W. 81; Weigley v. Matson, 125 Ill. 64, 8 Am. St. Rep. 335, 16 N. E. 881; Fontaine v. Husdon, 93 Mo. 62, 3 Am. St. Rep. 515, 5 S. W. 692; Lowenstein v. Caruth, 59 Ark. 588, 28 S. W. 421.

No exceptions to the findings were taken, nor was request made for different findings, and there is nothing here, properly, for review. Washtenaw County v. Rabbitt, 99 Mich. 60, 57 N. W. 1084; Saukville v. Grafton, 68 Wis. 192, 31 N. W. 719; Ironton Cross Tie Co. v. Evans, 146 Mich. 197, 109 N. W. 254; Richardson v. Dunne, 3 Cal. Unrep. 728, 31 Pac. 737; Merriman v. McCormick Harvesting Mach. Co. 101 Wis. 619, 77 N. W. 880; Van Cise v. Merchants' Nat. Bank, 4 Dak. 485, 33 N. W. 897; Carstens v. Leidigh & H. Lumber Co. 18 Wash. 450, 39 L.R.A. 548, 63 Am. St. Rep. 906, 51 Pac. 1051; Weist v. Morlock, 116 Mich. 606, 74 N. W. 1012; Simmons Hardware Co. v. Rose, 140 Mich. 123, 103 N. W. 529; State ex rel. Milwaukee v. Milwaukee Electric R. & Light Co. 144 Wis. 386, 140 Am. St. Rep. 1025, 129 N. W. 623.

The waiver of a jury, in a case properly one for a jury, merely substitutes the court for the jury; the case still remains a jury case. First Nat. Bank v. Merchants' Nat. Bank, 5 N. D. 161, 64 N. W. 941; American Case & Register Co. v. Boyd, 22 N. D. 166, 133 N. W. 65; Ness v. Jones, 10 N. D. 587, 88 Am. St. Rep. 755, 88 N. W. 706;

McNab v. Northern P. R. Co. 12 N. D. 568, 98 N. W. 353; Landis Mach. Co. v. Konantz Saddlery Co. 17 N. D. 310, 116 N. W. 333; F. A. Patrick & Co. v. Nurnberg, 21 N. D. 377, 131 N. W. 254.

The findings will not be disturbed when supported by substantial evidence. State ex rel. McDonald v. Farrington, 86 Neb. 653, 126 N. W. 91; Manatee County State Bank v. Wade, 56 Fla. 492, 47 So. 927; Gill v. Haynes, 28 Okla. 656, 115 Pac. 790; State ex rel. Cook v. Langan, 32 Nev. 176, 105 Pac. 568; McNally v. Keplinger, 37 Kan. 556, 15 Pac. 534; Moses v. White, 6 Kan. App. 558, 51 Pac. 622; Alder Gulch Consol. Min. Co. v. Hayes, 6 Mont. 31, 9 Pac. 581; Putnam v. Putnam, 2 Ariz. 259, 14 Pac. 356; Turner v. Franklin, 10 Ariz. 188, 85 Pac. 1070; State v. Sadler, 21 Nev. 13, 23 Pac. 799; Rankin v. Newman, 107 Cal. 602, 40 Pac. 1024, 41 Pac. 304; Subera v. Jones, 20 S. D. 628, 108 N. W. 27; Griffith v. McPherrin, — Ark. —, 22 S. W. 29; Taylor v. Van Meter, 53 Ark. 204, 13 S. W. 699.

Error in the admission or rejection of evidence will be deemed waived unless proper objections and exceptions are made and a new trial requested. Pioneer Sav. & L. Co. v. Eyer, 62 Neb. 810, 87 N. W. 1058; Johnson v. Ghost, 11 Neb. 414, 8 N. W. 391; Alexander v. Humber, 86 Ky. 565, 6 S. W. 453; Territory v. Anderson, 4 N. M. 213, 13 Pac. 21; Smith v. Smith, 119 Cal. 183, 48 Pac. 730, 51 Pac. 183; Hartwell Bros. v. William E. Peck & Co. 163 Ind. 357, 71 N. E. 958; Glaser v. Glaser, 13 Okla. 389, 74 Pac. 944; Mobile v. Murphree, 96 Ala. 141, 11 So. 201.

Not all the evidence offered and received is before the court. The only question, therefore, is whether or not the judgment is sustained by the findings. Eakin v. Campbell, 10 N. D. 416, 87 N. W. 991; Collins v. Breen, 75 Wis. 606, 44 N. W. 769.

The omission from the record of documentary evidence is sufficient ground for the summary affirmance of the judgment. Kipp v. Angell, 10 N. D. 199, 86 N. W. 706; Littel v. Phinney, 10 N. D. 351, 87 N. W. 593; United States Sav. & L. Co. v. McLeod, 10 N. D. 111, 86 N. W. 110.

Whether a sale is valid or not is a question of fact for the jury (court in this case). McLaughlin v. Lange, 42 Mich. 81, 3 N. W. 267; Rosenbaum v. Hayes, 8 N. D. 461, 79 N. W. 987.

The provision in the deed for the payment of salary to the debtor or

assignor renders it void. Stephens v. Regenstein, 89 Ala. 561, 18 Am. St. Rep. 156, 8 So. 68; Robinson v. McKenna, 21 R. I. 117, 79 Am. St. Rep. 793, 42 Atl. 510; Hoppe Hardware Co. v. Bain, 21 Okla. 177, 95 Pac. 765; Means v. Dowd, 128 U. S. 273, 32 L. ed. 429, 9 Sup. Ct. Rep. 65; Lukins v. Aird, 6 Wall. 78, 18 L. ed. 750; Newell v. Wagness, 1 N. D. 62, 44 N. W. 1014.

The burden of proof was upon the plaintiff and remained with him during the trial. Rice v. Knostman, 45 Wash. 282, 88 Pac. 194; Berman v. Kling, 81 Conn. 403, 71 Atl. 507; H. C. Jaquith Co. v. Shumway, 80 Vt. 556, 69 Atl. 157; Dennis Bros. v. Strunk, 32 Ky. L. Rep. 1230, 108 S. W. 957.

Plaintiff must recover wholly on the strength of his own title. Van Zandt v. Shuyler, 2 Kan. App. 118, 43 Pac. 295; Moore v. Walker, 124 Ala. 199, 26 So. 984; Zunkle v. Cunningham, 10 Neb. 162, 4 N. W. 951; Holmes v. Bailey, 16 Neb. 300, 20 N. W. 304.

If title is fraudulent or void, plaintiff cannot recover. Swope v. Paul, 4 Ind. App. 463, 31 N. E. 42; Herman v. Northern P. R. Co. 43 Wash. 624, 86 Pac. 1068; Van Zandt v. Shuyler, 2 Kan. App. 118, 43 Pac. 295.

FISK, J. This is an action to recover for the alleged conversion by defendant Kramar, who was sheriff of McHenry county, of certain personal property claimed to belong to plaintiff, and which such sheriff levied upon under an execution issued on a judgment against one Wellington I. Ginther, wherein the First National Bank of Waterloo, Iowa, is the judgment creditor. Pursuant to such levy the defendant took the property into his possession, and subsequently sold the same at public auction to satisfy the amount called for by the execution. The property consisted of a portion of a general stock of merchandise and one new Cary safe located in a store building at Drake, in this state, and formerly owned and conducted by the execution debtor, Ginther. Plaintiff bases his claim to ownership of the property upon a certain so-called trust deed or assignment for the benefit of creditors, executed and delivered by Ginther to the plaintiff, as trustee, some time prior to the levy of such execution by defendant. The complaint is in the usual form, and the answer, as originally interposed, amounts to a general denial.

By stipulation of the parties a jury was waived and the cause tried

to the court, resulting in findings of fact and conclusions of law in defendant's favor, pursuant to which judgment was ordered and entered, dismissing the action, with costs. The appeal is from such judgment.

Appellant's brief contains a large number of assignments of error based upon alleged erroneous rulings in the admission and exclusion of testimony, also in permitting defendant to file an amended answer after the trial, and in making certain findings of fact; but in the body of the brief counsel present and argue but two propositions. First, they contend that the assignment or trust deed is valid, and cannot be attacked or avoided by a nonassenting creditor; and, second, that in any event it is necessary for the defendant to place himself in the position of a nonassenting creditor before he can question the validity of the trust deed, and that he failed so to do by not properly pleading justification. It is argued that in not having pleaded justification under the judgment and execution, permitting the introduction of the judgment roll, transcript, and docket entries constituted reversible error, and that this was not cured by thereafter permitting an amended answer to be filed, wherein such justification is pleaded.

We shall accordingly confine ourselves to the points thus argued in the brief, treating as abandoned all assignments not thus argued, in accordance with the well-settled practice of this court. The case being one properly triable to a jury, the findings of fact have the force of the verdict of a jury, and no motion for a new trial having been made, the sufficiency of the evidence to support the findings is not in question. The cause is here on appeal, therefore, for the review only of alleged errors of law occurring at the trial (Hedderich v. Hedderich, 18 N. D. 488, 123 N. W. 276), and, as before stated, only those alleged errors will be noticed which are argued in the brief.

This brings us to appellant's first contention. The so-called trust deed, and which appellant contends is valid and operated to transfer title to the plaintiff, is as follows:

This agreement, made and entered into in duplicate this 13th day of August, 1909, by and between Wellington I. Ginther, of Drake, North Dakota, party of the first part, and C. D. MacLaren, of St. Paul, Minnesota, party of the second part, Witnesseth:

Whereas, The party of the first part is indebted to sundry and divers persons in large amounts, and is unable to pay and discharge said

indebtedness as the same becomes due, and desires to place his property in the hands of the party of the second part, to be realized upon in the best manner possible and the proceeds therefrom distributed ratable among his creditors.

Now, Therefore, In consideration of the premises and the sum of one dollar to him in hand paid, the party of the first part does hereby grant, convey, assign, transfer, and deliver unto the party of the second part, as trustee, all of that stock of hardware, tinware, leather and other findings, harness, tinner's tools, machinery, and other personal property belonging to him and contained in and about that certain store building located in the village of Drake, North Dakota, and situated upon the south half of lot 11, and all of lot 12, in Block 2, of the village of Drake, in the county of McHenry, and state of North Dakota, including book accounts and books of account, bills receivable, choses in action. Also to convey by proper deed of conveyance all his interest in the above-described lots and the building situated thereon, to have and to hold the same and all thereof, as trustee for the use and purpose following: To convert said personal property into cash in such manner as in his judgment will be for the best interest of all parties concerned, and for that purpose party of the second part is hereby authorized to continue the business of the party of the first part at said village of Drake, so long as it shall seem profitable so to do, and for that purpose may use proceeds from sales and collections to buy new goods to replenish the stock, and out of the proceeds of the sales of the property and collection of accounts to pay, first, the reasonable charges and expenses for creating and administering the trust hereby created. Second, to pay in full the debts and liabilities of the party of the first part, if sufficient shall be realized from the property so to do, and, if not, to distribute the proceeds of said property ratably among the creditors of the party of the first part as shall consent to this trust agreement, and shall agree, in consideration of the benefits accruing to them thereunder, to absolve and discharge the party of the first part from any and all liability. Third, if there should be any residue of the property after making the disbursements and payments aforesaid, to repay or return to the party of the first part all property then remaining in the hands of the party of the second part.

The party of the first part in consideration of the premises and the

benefits to be derived under this trust agreement further agrees to and with the party of the second part, that as soon and whenever the order of the district court of Ransom county, North Dakota, dated August 5th, 1909, entered in the action of Ginther v. Ginther, restraining the party of the first part from disposing of his real property, shall be vacated, the party of the first part will, by proper conveyance, convey to the party of second part all his right, title, and interest in and to the real estate now owned by him, or in which he has any interest, except the family homestead.

In witness whereof, the parties have hereunto set their hands the day and year first above written.

Wellington I. Ginther,<br>C. D. MacLaren.

It will be noticed that such alleged assignment or trust deed does not purport on its face to transfer to the trustee all of the property owned by the said Ginther, but merely "all of that stock of hardware, tinware, leather and other findings, harness, tinner's tools, machinery, and other personal property belonging to him and contained in and about that certain store building located in the village of Drake, and situated upon the south half of lot 11, and all of lot 12, in block 2, in the village of Drake, . . . including accounts and books of account, bills receivable, choses in action." And the said Ginther therein agrees to convey by proper deed of conveyance all his interest in the above-described lots and the building situated thereon. The trustee is therein authorized to convert said property into cash "in such manner as in his judgment will be for the best interest of all parties concerned, and for that purpose the party of the second part is hereby authorized to continue the business of the party of the first part . . . so long as it shall seem profitable so to do, and for that purpose may use proceeds from sales and collections to buy new goods to replenish the stock, and out of the proceeds of the sales of the property and collection of accounts to pay, first, the reasonable charges and expenses for creating and administering the trust hereby created. Second, to pay in full the debts and liabilities of the party of the first part, if sufficient shall be realized from the property so to do, and, if not, to distribute the proceeds of said property ratably among the creditors of the party of the first part

as shall consent to this trust agreement, *and shall agree, in considera-tion of the benefits accruing to them thereunder, to absolve and dis-charge the party of the first part from any and all liability.* Third, if there should be any residue of the property after making the disburse-ments and payments aforesaid, to repay or return to the party of the first part all property then remaining in the hands of the party of the second part."

. Counsel for appellant contend that these various conditions or stipu-lations in the trust deed do not affect its validity as a general assign-ment for the benefit of creditors, citing and relying upon certain pro-visions of our Code, and also upon certain cases decided in other states. Their contention is of a dual nature, as we understand their brief. They assert, first, that under the common law, which must control in the absence of any statutory provisions regulating the form and provisions of assignments for the benefit of creditors, the instrument is valid upon its face; and, second, that such instrument is in any event not a general assignment for the benefit of creditors, but a mere security transaction, wherein the debtor exercised his legal right to prefer certain of his creditors, citing and relying upon the case of Joas v. Jordan, 21 S. D. 379, 113 N. W. 73, and McAvoy v. Jennings, 44 Wash. 79, 87 Pac. 53.

After due consideration we find ourselves unable to concur in either of such contentions. By the overwhelming weight of authority such instrument is void upon its face as a general assignment for the benefit of creditors. This court, construing a like instrument, so held in Bangs v. Fadden, 5 N. D. 92, 64 N. W. 78, using the following lan-guage: "It is urged that the assignment is void for the reason that it requires all creditors who desire to receive any benefit from the trust to release their claims as a condition of receiving any dividend. If the instrument must be necessarily so construed, then its invalidity cannot be doubted. Both under the settled rule of law and under the express provisions of our Code, such an assignment is void."

See also May v. Walker, 35 Minn. 194, 28 N. W. 252; McConnell v. Rakness, 41 Minn. 3, 42 N. W. 539; Moore v. Bettingen, 116 Minn. 142, 133 N. W. 561, Ann. Cas. 1913A, 816.

Even the cases which uphold trust deeds requiring releases as a con-dition to participating in the benefits thereof seem to require that such

instrument on its face must purport to transfer all of the debtor's property (except such as is exempt) to the trustee or assignee. May v. Walker, supra. The reasons underlying the common-law rule are clearly and succinctly stated by the Minnesota court in the above case, as follows: "Though there is some conflict of opinion, every consideration of honesty and good sense supports the proposition that an assignment by an insolvent debtor of his property, providing, as in the present case, that the proceeds shall be applied towards the payment of his indebtedness to such of his creditors only as shall release their claims against him, is, in the absence of express statute to the contrary, as by a bankrupt law, or something in the nature of one, fraudulent and invalid; and this, for the reason that it is the duty of an insolvent debtor to apply his property to the payment of his debts, as far as it will go, without conditions, and without coercing his creditors to surrender any part of their just claims against him as the price of receiving their just share of his estate. Bennett v. Ellison, 23 Minn. 242; Grover v. Wakeman, 11 Wend. 188, 25 Am. Dec. 624; Burrill, Assign. § 195. Even where a common-law assignment, with such provisions for release, is tolerated, the rule is that it must be general, and not, as in the case at bar, partial.

"The fraud and gross injustice of permitting an insolvent debtor, without a surrender of all his unexempt property, to coerce his creditors to a compromise, is apparent. In contemplation of law, all his unexempt property belongs to his creditors, . . . and to permit him to put a part of it out of their reach, unless they will submit to his terms and take less than they are entitled to, is to permit him to hinder and delay them in the collection of their demands out of property justly and legally liable for the same, even if a common-law assignment, with such provisions for release, be tolerated at all."

We entertain no doubt that as to nonassenting creditors the instrument is void upon its face, not only upon the ground that it operates to coerce creditors to consent thereto and to release their claims as a condition to participation in the trust fund, or else be delayed and hindered in the collection of their claims, but also for the reason that it does not purport to transfer all of the debtor's property not exempt, and for the additional reason that it provides for the payment of any surplus to the debtor, thus operating to put such surplus beyond the reach of nonassent-

ing creditors, and to hinder and delay them in the collection of their demands.

This question is ably treated and the authorities collated in 5 Enc. Law & Pr., in the article on Assignments for the Benefit of Creditors. We quote from the text at pages 1028 and 1029 as follows:

"There can be no doubt that a person who gives credit to another takes into consideration not only the property which he has at the time, but also the probability of his acquiring property in the future; and it would seem unjust and contrary to public policy to allow a debtor to make an assignment on such terms as to compel a creditor to surrender the right to resort to future acquisitions in case the property of the debtor is insufficient to satisfy the claim in full, and thus acquire a benefit for himself at the expense of his creditors. On this point, however, there is a direct conflict of opinion.

"Many of the courts have taken the view that a debtor cannot thus coerce his creditors into accepting less than the full amount of their claims, and have held that an assignment for the benefit of creditors is rendered fraudulent and void on its face by a stipulation that the debtor shall not be liable to any creditor who assents to the same, for any deficiency that may remain unsatisfied after execution of the trust by a distribution of the assigned property. . . .

"To uphold the validity of such stipulations would, it has been held, enable every insolvent debtor to enact a bankrupt law in his own behalf; to appropriate as surplus the *pro rata* shares of the nonreleasing creditors; to reserve the right and power to prefer favored creditors at a future time, and compel the others to accept any terms offered to them; to dictate terms to his creditors which would make him independent of his legal obligation to devote his unexempted property unreservedly to the payment of his creditors, and enable him practically to reserve a trust for his own benefit; and, finally, would compel the creditors to come in under any scheme of settlement devised by the combined ingenuity of the assignor and the assignee selected by him."

Appellant's contention that the instrument should be construed as a security transaction, and upheld under our Code provisions permitting a debtor to prefer his creditors, seems to have the support of numerous courts, including the South Dakota and Washington courts. In Joas v. Jordan, 21 S. D. 379, 113 N. W. 73, the supreme court of South Da-

26 N. D.—17.

kota in passing upon a similar instrument, among other things, said: "We are clearly of the opinion that in the case at bar that the purported deed of trust was in the nature of a security for the benefit of the creditors assenting thereto, and did not constitute a general assignment under the provisions of our Code, and that it was competent, therefore, for the debtor to prefer the creditors who assented to the assignment, and agreed to accept their *pro rata* share of the proceeds of the property assigned, and release the debtor from all further liability, and that the purported trust deed or agreement entered into by the debtor with Jordan as trustee and the creditors accepting the conditions was a complete disposition of his property under the provisions of our Code above quoted, and the construction given to the same in the case of Sandwich Mfg. Co. v. Max, 5 S. D. 125, 24 L.R.A. 524, 58 N. W. 14. While the trust deed may not technically be denominated a mortgage, it constituted in effect a mortgage, and the plaintiff, before he could levy upon the same, was, by the terms of § 2099, Rev. Civ. Codes, required to pay or tender the amount due those several creditors before he could legally levy upon the property. Jewett v. Sundback, 5 S. D. 111, 58 N. W. 20 [citing cases]. The question of the right of a debtor to prefer certain of his creditors is so fully discussed by this court in the case of Sandwich Mfg. Co. v. Max, supra, that a further discussion does not seem to us necessary, as we are clearly of the opinion that the purported trust deed was legal and valid as against the creditors of the debtor. Not assenting to become a party thereto, the plaintiff acquired no rights to said property under and by virtue of the execution issued upon his judgment."

And in McAvoy v. Jennings, 44 Wash. 79, 87 Pac. 53, the Washington court gives similar reasons to those of the South Dakota court for upholding the agreement upon the theory that it was a security transaction, and that the insolvent debtor had a right to prefer one class of creditors to the exclusion of others. With due respect for these .courts, we are unable to concur in the conclusion or reasoning adopted in either of such cases. Obviously, it was the intention of the debtor, in executing the instrument in question, not to secure certain of his creditors, but, on the contrary, his intention clearly was to make a general assignment of the property therein described for the benefit of such of his creditors as would consent to release their claims in full.

An instrument, the same in all essential particulars as the one in the case at bar, was construed by Judge Amidon, of the United States district court for this district, in a recent case, Re Courtenay Mercantile Co. 186 Fed. 352, and in disposing of a like contention it was said: "Counsel for the Mercantile Company contends that the restriction above quoted, limiting the creditors who shall receive the benefits of the deed to those who shall become parties to it and release their claims in full, destroys the character of the instrument as a general assignment, and converts it into a mere security for those creditors who shall decide to accept its benefits. I cannot adopt that interpretation. As to the effect of such a restrictive clause upon a deed of assignment for the benefit of creditors, there is great conflict in the authorities. In some jurisdictions, it is held to render the instrument void; in others, it is considered valid. These authorities are collected in the last edition of the American & English Encyclopædia of Law & Practice, vol. 5, at page 1028. In the present proceeding I do not deem it necessary to decide which class of decisions represents the sounder view of the law. In all jurisdictions it is held that the deed is valid as between the parties, and can only be assailed by creditors who do not consent to its provisions and whose rights are thereby prejudiced. As against the assignor, it is uniformly treated as a general assignment. The only exception that I have found is the case of Joas v. Jordan, 21 S. D. 379, 113 N. W. 73. If that decision can be sustained at all, it must receive its support from the local statute.

"On the face of the instrument here involved, it was a disposition of all the property of the assignor for the benefit of his creditors. All the creditors had a right to accept its benefits. The assignor could in no way control this discretion. Their right to do this would continue until the estate had been distributed. The character of the instrument should be judged as of the time of its execution and delivery. Otherwise the whole estate could be converted into cash and administered under the deed, without its being possible to ascertain whether it was an assignment for the benefit of creditors, or a security for a part of the creditors. Such a construction of the instrument would make it possible for any creditor to escape the provisions of the Federal bankruptcy act by the mere phrasing of a general assignment of his property."

The instrument in the case at bar differs from that involved in the

South Dakota case, supra, in that it does not purport to convey to the trustee *all* of the debtor's property. This fact serves to differentiate the cases to some extent. We choose, however, to place our decision of this point squarely upon the reasons above given, believing, as we do, that the authorities in support of such holding are sounder on principle and announce a rule more conducive to justice and a sound public policy.

This brings us to a consideration of appellant's second point, which is that defendant is not in the position of a nonassenting creditor, and therefore cannot question the validity of the trust deed. It is first insisted by counsel that, no justification having been pleaded in the original answer, it was error to admit the introduction of testimony to prove such justification, and, second, that in any event no justification was properly shown. In reply, counsel contend that justification may be shown under a general denial; but in any event, the allowance of the amended answer pleading justification was proper. Also that such justification was properly shown.

That justification under process is new matter which must be specially pleaded in order to avail as a defense is too firmly settled to be now open to question. 35 Cyc. 1816 and cases cited; 20 Enc. Pl. & Pr. 151–154 and cases cited; Pom. Rem. & Rem. Rights, § 704; Jacobs v. Remsen, 12 Abb. Pr. 390; Graham v. Harrower, 18 How. Pr. 144; Banning v. Marleau, 121 Cal. 240, 53 Pac. 692.

Under the issues as framed by the pleadings it was therefore clearly error to receive evidence, over plaintiff's objection, tending to show justification. Whether the evidence offered and received for such purpose was competent, we need not determine, for the same was clearly irrelevant.

Respondent's counsel earnestly contend that, even though it be held that justification must be pleaded in order to be available as a defense, the allowance of the amended answer after the trial in which such justification is alleged renders plaintiff's point in this respect of no avail. In other words, it is contended that by the allowance of such amended answer defendant is in as advantageous a position as he would have been in had he pleaded such new matter in the original answer. We are unable to uphold respondent's contention in this respect. Had the testimony showing justification been introduced without objection, a different situation would arise, but as we understand the settled rule,

while amendments to pleadings to conform to the proof will, in further-
ance of justice, be liberally granted, they will never be granted where
the admission of evidence was promptly objected to when it was offered,
upon the ground that it did not tend to support the allegations in the
pleadings.  1 Enc. Pl. & Pr. 585 and cases cited.  As said in Beard
v. Tilghman, 66 Hun, 12, 20 N. Y. Supp. 736:  "The court had no
power at the close of the case to conform the affirmative allegations in
the answer to the proof, for the reason that the evidence at the time
it was offered, to which the allegations in the answer were made to con-
form, was objected to, and admitted under exceptions.  Under these
circumstances, the court had no power to conform the pleadings to the
proof, because the party whose objection had been overruled had a
right to rely upon his exception, and the rights which such exceptions
gave to him could not be taken away by the device of conforming the
allegations of the pleadings to the proof offered, such exception having
been well taken at the time the proof was offered.  If any amendment
to the pleadings was necessary, it should have been made prior to the
introduction of the evidence if the evidence was objected to; and, for
the reasons stated, it is apparent that such a motion could not be made
under such circumstances at the close of the case."

In the case at bar, what the learned trial court did was not to conform
the pleading to the proof, but it granted defendant leave to file and serve
an amended answer.  While such order was no doubt made within the
exercise of a sound discretion, the service and filing of such amended
answer merely operated to change and enlarge the issues as of the date
the same was served and filed.  The new issue thus brought into the
case cannot avail the defendant in the absence of evidence properly
introduced in its support.  Defendant's counsel should have applied for
leave to reopen the case and submit such evidence.  The fact that plain-
tiff's counsel, by retaining the amended answer without objection, may
have foreclosed their right to question the validity of the order allowing
the same, does not alter the situation in the least.  The fact remains that
there is no competent evidence in the case proving or tending to prove
justification; hence, the judgment in defendant's favor is erroneous,
and the same is accordingly ordered to be vacated and a new trial had,
and it is so ordered.

On Petition for Rehearing (Filed November 21, 1913).

FISK, J.   Counsel for respondent have filed an elaborate petition
for rehearing wherein they challenge the correctness of the foregoing
opinion in certain particulars.   Such petition contains thirty-six pages
of typewritten matter, consisting of a reargument and citation of
numerous authorities claimed to be in point, but nothing new is pre-
sented, and the same amounts to a rehash of the matters contained in the
original brief, with the addition of the citation of many authorities.

Notwithstanding a failure of counsel to observe the rules regarding
the matters which may be properly set forth in a petition for rehearing,
we have devoted considerable time to a consideration thereof, and have
examined most of the authorities therein collated.   After such consid-
eration we see no reason to change our conclusions as above announced.

It is not our purpose at this time to answer in detail the various propo-
sitions advanced by counsel in such petition, but will briefly notice some
of them.   The fact must not be overlooked that this is not an action in
claim and delivery, but one brought to recover damages for the alleged
conversion by defendant of certain personal property claimed to be-
long to plaintiff.   Defendant, by his original answer, merely puts in
issue the allegations of the complaint by what amounted to a general
denial; no attempt to plead justification was made.   The issues thus
framed were therefore clearly defined.   In order to recover, plaintiff
had the burden of proving, first, ownership in him as alleged; second,
wrongful conversion of the property by defendant as alleged; and, third,
the damages occasioned thereby.   In their petition, counsel for respond-
ent argue that because plaintiff in his complaint alleged that defendant
unlawfully took said property from the plaintiff's possession, and that
because plaintiff's counsel in proving their case offered testimony show-
ing that defendant, as sheriff, claimed to act under a certain execution
issued in an action wherein the First National Bank of Waterloo was
plaintiff and W. I. Ginther was defendant, that this opened the door
to defendant to prove and rely upon justification.   Such contention is
far-fetched and unsound.   The fact that plaintiff went to the trouble
of proving the unnecessary particulars regarding the method of the
alleged conversion by defendant of this property did not have the effect
of broadening the issues in the case as framed by the pleadings.   The

sole purpose of such testimony was to prove the allegation in the complaint that defendant took and converted the property. Nor does the fact that plaintiff had knowledge of the capacity in which and the process under which defendant seized this property thus operate to broaden the issues and to permit a defense of justification under the pleadings. It is no hardship upon litigants to confine them to the issues which they have framed by the pleadings, and not to do so would result in endless confusion in our practice. It is no answer to this to say that plaintiff could not possibly have been prejudiced by permitting defendant to prove and rely upon a defense which he did not see fit to allege. When proof of such defense was offered and objected to, proper and orderly practice required defendant to move to amend his answer by alleging such new matter by way of defense; and if such a motion had been made, it no doubt would have been granted, for, under the facts, it would have constituted an abuse of discretion to have denied such application; but, as before stated, such fact in no way obviates the necessity for such an amendment in order to permit of the defense of justification. The logical effect of counsel's reasoning, it seems to us, would be to do away with the necessity of pleading defenses where it can be shown that the plaintiff had knowledge of their existence. The mere statement of the proposition is enough to show the fallacy of such contention.

What we have here said does not in the least conflict with the well-settled rule that courts should be liberal in allowing amendments, and that a variance between the allegations in a pleading and the proof shall not be deemed material unless it has actually misled the adverse party to his prejudice, etc. The fact that a party has not been misled to his prejudice, nor in any manner taken by surprise, is a very good reason why his objection to a proposed amendment should be ignored; but it is no reason for dispensing with the necessity of any amendment at all; nor is it any justification for permitting an amendment after the trial, materially changing the issues, nor of permitting an amendment of the pleadings after the trial to conform to the proof where such proof was improperly received over objection. Counsel have devoted much space in their petition in an attempt to convince us that the above opinion is erroneous in asserting that an amendment, after the trial, to conform the pleadings to the proof, cannot be made where such proof was im-

properly received over objection, and they cite a large number of cases which they claim to be in point, and among them is Barker v. More, 18 N. D. 85, 118 N. W. 823. Most of the cases cited and relied upon are from California. The cases from other states do not seem to support counsel's contention. An examination of the opinion in Barker v. More discloses that it was an action in equity, tried under the so-called Newman law, where all evidence offered must be received on trial, in which cases rulings are not made on the objections to evidence, and the portion of the opinion relied upon by counsel was purely *dictum*, as the following quotation from the opinion shows: "In reference to the action of the trial court in permitting an amended answer to be served, we think there was no abuse of discretion, and that the plaintiff was in no way prejudiced by the amendment. The complaint alleged that the assignment to Cooper was for security purposes only. *The original answer expressly denied that there was any trust relation created by that assignment, and under that allegation and denial it would not have been error to admit proof that the assignment of November 7, 1902, was not a conditional one.* However, disregarding entirely the question of the sufficiency of the original answer, we discover no reason why it was prejudicial or erroneous to permit the amendment to be filed to conform to the proof. It was not a different or new defense from that which was foreshadowed by the general denial or answer, wherein there was an express denial of any trust relation growing out of the assignment. The amended answer alleged that fact in more specific terms." It will be seen from the foregoing that what was said hardly reached to the dignity even of a *dictum,* in favor of the respondent's contention, as the amendment brought no new issue into the case, and we certainly do not consider it as in any way controlling in the case at bar.

In view of counsel's very urgent contention upon the proposition that the court has power to conform the pleadings to the proof, even though such proof was introduced over the objection that it was not within the issues, we desire to cite in support of our holding the following authorities in addition to those cited in the main opinion: 31 Cyc. 452, and the numerous cases cited in note 85, from the states of Indiana, Kansas, Massachusetts, Minnesota, Nebraska, New York, and Oregon. Also the following more recent cases: Audley v. Townsend, 126 App. Div. 431, 110 N. Y. Supp. 575; Leggat v. Palmer, 39 Mont. 302, 102 Pac.

327. And we call special attention to the cases of Guerin v. St. Paul F. & M. Ins. Co. 44 Minn. 20, 46 N. W. 138; Walker v. O'Connell, 59 Kan. 306, 52 Pac. 894; and Mendenhall v. Harrisburg Water Power Co. 27 Or. 38, 39 Pac. 399.

We quote from the latter opinion as follows: " 'When,' says Lord, J., in Cook v. Croisan, 25 Or. 475, 36 Pac. 532, 'the parties proceed with a trial, and evidence is received without objection, supporting material matters which are not set out in the pleadings, the court may permit the pleadings to be amended to conform with the proofs.' The right to amend a pleading so as to make it conform to the proof proceeds upon the theory that it presented the issues sought to be established by the evidence introduced and admitted without objection, but that some material allegation had been inadvertently omitted therefrom. In such cases it is the duty of the court, after the evidence upon the supposed issue has been introduced without objection, to permit the amendment; but when objection has been made to its introduction, the court has no authority to allow such an amendment, as this would have a tendency to invert the orderly mode of trial prescribed by statute, and lead to the practice of settling issues after, instead of before, trial, thereby returning to primitive methods. The plaintiff having made objection to the introduction of this evidence, there was no abuse of discretion in denying leave to the defendant to file its amended answer."

In Walker v. O'Connell, the Kansas court, speaking upon this question, said: "After successfully resisting all the defendant's attempts to secure recognition of the rule, the plaintiff finally moved for leave to amend her petition to conform to the facts proved, by alleging the nonappointment of an administrator of the decedent's estate. This motion was allowed and the amendment made. However, it was not made, nor the motion therefor filed, until five days after the close of the trial, the return of the verdict, and the discharge of the jury, and two days after the motion for new trial was filed. It was made, however, before the rendition and entry of judgment on the verdict and findings.

"While the statute (Civil Code, § 139) allows amendments to be made, either before or after judgment, to conform to the proof of facts, and while this statute should be liberally construed and a liberal exercise of the right of amendment allowed, we are clear that the amendment in question should not have been permitted at the time and under the

circumstances disclosed in this case. It will be observed that, at every proper and available opportunity, the attention of the court was called to the vital defect in the plaintiff's petition, and a challenge made to her right to proceed because of such defect. In particular, the court had been requested to instruct the jury to find for the defendants, because of the lack of the necessary allegation in plaintiff's petition to entitle her to recover. Exce ons to the court's rulings were made as each successive phase of the question arose and was disposed of. These rulings and exceptions showed substantial and reversible error, within the previous decisions of this court.

"At no time after verdict and before the amendment was made could any question exist as to the right of the defendants to an order setting aside the verdict and findings and awarding a new trial. We think it was not within the power of the court, at the late time this amendment was proposed, to allow it to be made, and through its retroactive effect to cure the substantial errors which had been committed through lack of its earlier making. To such effect are the authorities. 'A motion, after the close of the evidence, to conform the pleadings to the proof. can never be granted where the admission of the evidence was promptly objected to when it was offered, upon the ground that it did not tend to support the allegations in the pleadings.' 1 Enc. Pl. & Pr. 585. We have examined many of the authorities cited under the above quotation, and find that they fully support the text.

"We cannot conjecture whether an administrator of the estate of John O'Connell had been in fact appointed, and we have no way of ascertaining the fact except by the record before us; and that was silent upon the question until the amendment was made, long after all opportunity for the defense to be heard upon it had passed. Had an issue been made upon this question in proper time and form, it might have been that the defendants could have proved the making of an appointment. We cannot assume a lack of good faith on their part in insisting that such issue be framed and that they be heard upon it. We cannot assume that their contention is a technical and vexatious insistence upon a mere matter of form, readily ascertainable against them. As shown in Eureka v. Merrifield, 53 Kan. 794, 37 Pac. 113, it is matter of substance, and not of form, and what the fact may be is impossible for us to know."

In Guerin v. St. Paul F. & M. Ins. Co. the Minnesota court said: "The court also erred in permitting the amendment. The defendant properly and seasonably objected to the reception of testimony inadmissible under the pleadings, but which, as the court charged the jury, was essential to a recovery by the plaintiffs, and was thereafter entitled to the benefit of its objection and exception. It is true that under the statute . . . much discretion is properly given to the trial court in the way of amendments, before and after judgment, in furtherance of justice. But in this instance the manifest purpose and the inevitable effect of the amendment was to deprive the defendant of a legal right it had secured during the trial, by means of its exception to the ruling. This was a clear abuse of discretion upon the part of the court. The plaintiffs should have applied for the amendment when, through the objection made on the trial, its necessity became strikingly apparent."

And Mr. Sunderland in his able article on Pleading, 31 Cyc. 452, states what undoubtedly is the sound rule as follows: "The right to amend pleadings so as to conform to proof proceeds upon the theory that this presents the issues sought to be established by the evidence introduced and admitted without objection; but it is quite generally held that, where the evidence offered has been promptly objected to on the ground that such evidence offered has been promptly objected to on the ground that such evidence does not tend to support the allegations of the pleadings, a motion to amend after admission of the evidence, so as to conform to proof, should not be granted, and if under such circumstances it is granted, it is an abuse of discretion, and the amendment will not be considered on appeal. If evidence is objected to on the ground of variance, the motion to amend should be made before it is admitted."

In the light of counsel's citation of the many authorities which they assert support their contention, it is interesting to observe that in the note to Cyc. above cited the only cases collated as holding contrary to the general rule are four California decisions, as follows: Firebaugh v. Burbank, 121 Cal. 186, 53 Pac. 560; Guidery v. Green, 95 Cal. 630, 30 Pac. 786; Clark v. Phœnix Ins. Co. 36 Cal. 168; and Stringer v. Davis, 30 Cal. 318. The reason for the rule is stated in such note as follows: "To allow an amendment under such circumstances would

have a tendency to invert the ordinary mode of trial, and lead to the settling of issues after, instead of before, trial."

We deem it unnecessary to extend this opinion further in answer to the various contentions in the petition. While we regret the necessity of ordering a new trial, and thus subjecting the defendant to added expense, we see no other alternative. The fact that a like result may and probably will be reached on a new trial does not, under the record, justify us in affirming the judgment. Although the plaintiff's so-called trust deed, upon which his title to the property in controversy rests, is void as to nonassenting creditors of Mr. Ginther, it is valid and enforceable as to all other persons, and therefore it is incumbent upon defendant, in order to defeat plaintiff's recovery, to allege and prove justification. This he failed to do.

Petition denied.