MONT VERNON OLMSTEAD ET AL. V. WM. MATTISON.

*Validity of chattel mortgage—Delay to other creditors.*

Chattel mortgage security is not invalidated by the mere fact that the creditor knows the debtor is in failing circumstances and that the intended effect of giving the security will be to delay or defeat other creditors in the collection of their dues.

Where a chattel mortgage security largely exceeds the debt, the fact may be considered as tending to show that the creditor's intention, in taking it, is not in good faith to secure himself, but to hinder, delay or defraud other creditors.

Error to Ionia.   Submitted Jan. 27.   Decided April 13.

REPLEVIN.   Defendants bring error.   Reversed.

*Lemuel Clute* for plaintiff in error.   A purchase from one's debtor for the purpose of obtaining payment of an honest debt is not made void by the fact that the debtor intends to hinder or defraud other creditors thereby, unless the purchaser participates in the fraudulent intent: *Beurmann v. Van Buren* 44 Mich. 496; *Hill v. Bowman* 35 Mich. 191; *Loomis v. Smith* 37 Mich. 595; *Jordan v. White* 38 Mich. 253; *Dudley v. Danforth* 61 N. Y. 626; *Blodgett v. Chaplin* 48 Me. 322; *Lyman v. Cessford* 15 Ia. 229; *Drummond v. Couse,* 39 Ia. 442; *Van Patten v. Burr* 52 Ia. 518.

*Wells & Morse* and *John Toan* for defendant in error. A chattel mortgage is void as to creditors if delivered and received with intent to hinder or defraud them: *Wright v. Irwin* 35 Mich. 347; *Pierce v. Rehfuss* id. 55; *Ulrich v. People* 39 Mich. 245; *Campau v. Dubois* id. 274; *Coots v. Chamberlain* id. 565; a mortgagee is made a participator in the fraudulent intent by his knowledge of it: *Stearns v. Gage* 79 N. Y. 102; *Jones v. Hetherington* 45 Ia. 681; *Zimmerman v. Heinrichs* 43 Ia. 260; *Preston v. Turner* 36 Ia. 671; *Steele v. Ward* 25 Ia. 535; *Bridge v. Eggleston* 14

Mass. 249 ; *Foster v. Hall* 12 Pick. 89 ; *Miller v. Bryan* 3 Ia. 58 ; *Adams v. Foley* 4 Ia. 44 ; *Hughes v. Monty* 24 Ia. 499 ; a sale by way of security is void if there is the fraudulent intent on both sides, even though full value is paid : *Chapel v. Clapp* 29 Ia. 194 ; *Wilson v. Horr* 15 Ia. 490 ; *Davenport v. Cummings* id. 219 ; a sale made for the double purpose of securing an actual debt and of preventing other creditors from attaching the goods, is void : *Crowninshield v. Kittridge* 7 Met. 522 ; *King v. Hubbell* 42 Mich. 597.

MARSTON, C. J. The plaintiffs in error received a bill of sale of certain personal property from Henry C. Keyes, to secure them against certain liabilities they had incurred, and which they had duly filed as a chattel mortgage. Mattison as sheriff, under certain writs against Keyes, levied upon the property. His right to levy upon and sell the mortgagor's interest in the property was not questioned, but his right to levy upon and sell in parcels was denied. Upon the trial the *bona fides* of the security given was questioned. The court charged the jury upon this branch of the case as set forth in the margin.*

We are of opinion that the authorities will not sustain the charge thus given. In very many cases, where security is

---

*I come now to the point as to whether this was or was not a good and valid chattel mortgage. It is claimed by the plaintiff that all that is necessary for them to establish is the fact that Keyes acted fraudulently. It is claimed on the part of the defense that the jury must be satisfied that this bill of sale and chattel mortgage was an arrangement between the parties, and that they both acted fraudulently. That Keyes meant to cheat and defraud his creditors, or hinder and delay his creditors in their collections, and that Olmstead and Martin knew about it. That is the claim on the part of the defense, and is correct.

Then comes the question whether you are satisfied that Keyes acted fraudulently, intending to cheat and defraud or hinder and delay his creditors. If you find that fact established, then comes the question whether they were aware of that fact. Whether the conduct of Keyes, the situation of his property, the situation of his indebtedness, what he did as to covering up his property, was known to them. Or whether the facts and circumstances were such in relation to the matter, within their knowledge, that would reasonably put them upon their guard or upon their inquiry. For instance, these defendants may have had a claim against Keyes for a thousand dollars, and Keyes may come and slip into their hands a chattel mortgage and not say a word about it, upon

given, the mortgagee may know or have good reason to believe that his debtor is in failing circumstances. Indeed such knowledge may be the very cause of the creditor's insisting upon security. And in all such cases the creditor may be fully aware of the fact that the effect of the security given him will be to hinder and delay if not, indeed, defeat other creditors in the collection of their just claims, and that the debtor in giving the security must, indeed, so intend. All this however does not take away or deprive a creditor from insisting upon payment or security of an honest existing indebtedness—or to secure him against endorsements or other liabilities incurred. The rule in this case laid down would put the honest, vigilant creditor on an equal footing with the negligent, and such has not been the aim of the law. It is true that the value of the property upon which security is given may be out of all proportion to the debt secured, and this would be a circumstance that could be considered by the jury, and from which, with other facts, they might find that the creditor's intention was not in good faith to secure himself, but to hinder, delay or defraud others. Such however was not the theory upon which this case was submitted to the jury. See *Allen v. Kinyon* 41 Mich. 285; *Loomis v. Smith* 37 Mich. 595.

---

property that is worth ten thousand dollars, and chattel mortgage property to that amount simply to secure an indebtedness or a liability of a thousand dollars. That would be a pretty large amount of property to place in that shape for that purpose, and it would be a circumstance which. it seems to me, should put them upon inquiry. If they should find or know that he had been putting mortgages upon all his real estate, and that he was largely indebted, if there were any facts and circumstances which would indicate to a reasonable man that he was in failing circumstances and covering up his property, of course it would depend upon the strength of the facts and what they were. They might be held and considered to have notice of facts that should put them upon inquiry, and the question will arise from the entire testimony which the counsel upon both sides have referred to so often that it is unnecessary for the court to do so. But the entire case must be considered by the jury to decide as to whether in receiving and taking this chattel mortgage they understood what Keyes was about. If they had sufficient notice that to reasonable men would be information that he was engaged in a fraudulent transaction, they would be parties to it. And if they should receive a bill of sale or chattel mortgage under such circumstances, it would be invalid, as I have before stated. If invalid, then a proper levy upon a portion of that chattel-mortgage property would be good.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.