JOSEPH W. FITZGERALD v. THOMAS G. McCANDLISH
ET AL.

*Chattel mortgage—Provision for sale—Assignment for benefit
of creditors.*

1. This case is ruled, except as stated in head-note 2, by *Warner
v. Littlefield*, 89 Mich. 329.
2. A mortgagor may authorize the mortgagee to sell the mortgaged
property at public or private sale; and, if no method of sale is
specified, the mortgagee may sell at public auction or at private
sale, by giving due notice to the mortgagor of the time and
place of sale.

Error to Alpena. (Kelley, J.) Submitted on briefs
October 30, 1891. Decided December 22, 1891.

Replevin. Defendants bring error. Affirmed. The
facts are stated in the opinion.

*Turnbull & Dafoe*, for appellants.

*George H. Sleator*, for plaintiff.

CHAMPLIN, C. J.   This action was replevin, brought by the plaintiff against the sheriff, McCandlish, and certain attaching creditors of Albert C. Frost.

On the 28th of January, 1889, Frost executed an instrument which mainly purports to be a chattel mortgage upon certain property therein described, to secure the payment of certain specified creditors, among whom was Joseph W. Fitzgerald for the sum of $745. The instrument, instead of naming the several creditors as mortgagees, named Joseph W. Fitzgerald as trustee, and stated that, for the purpose of securing the payment to him of the sum of $10,000 and interest thereon, the mortgagor—

"Granted, bargained, sold, and mortgaged, and by these presents does grant, bargain, sell, and mortgage, unto the said Joseph W. Fitzgerald, the following goods, chattels, and personal property, to wit" [describing the property].

"To have and to hold the same forever: *Provided*, always, and the condition of these presents is such, that if the said first party shall pay or cause to be paid to said second party, one day after the date hereof, the debt aforesaid, with interest, in trust, nevertheless, to pay the following existing indebtedness of said first party" [naming the creditors and the amount due to each].

"It is expressly agreed that the indebtedness aforesaid stated shall be paid by the said Joseph W. Fitzgerald in the order herein set forth, so far as the avails of this security shall pay the same; but, if default shall be made in such payment of the said ten thousand dollars, said second party is hereby authorized to sell at public auction the goods, chattels, and personal property aforesaid, or so much thereof as may be necessary to satisfy the said debt, interest, and reasonable expenses, and to retain the same out of the proceeds of such sale, returning the surplus, if any, to said first party. If, however, said second party shall deem it more advantageous to sell said property, or any part thereof, at private sale, he is hereby expressly authorized to make said private sale, applying the proceeds thereof in liquidation of said debt, interest,

and reasonable expenses, in the order set forth as hereinbefore mentioned. Said second party is also hereby authorized at any time when he shall deem himself insecure or said debt insecured, or if said first party shall sell, assign, or dispose of, or attempt to sell, assign, or dispose of," etc.; containing the usual clause as to taking possession contained in chattel mortgages.

It is claimed that this instrument upon its face is in effect a common-law assignment with preferences, and therefore void under the statutes of this State. While the instrument is somewhat indefinite in its terms, yet it is apparent that the intention of the party was to give security by way of mortgage upon the property therein described, and that he did not intend to make an absolute conveyance of such property to Mr. Fitzgerald. It cannot, therefore, be declared upon its face to be a common-law assignment. I have stated the reasons for this conclusion in *Warner v. Littlefield, ante,* 329. This mortgage, as does that, in the power of sale authorizes the party of the second part to sell at private sale, but this provision in the mortgage does not render it invalid at the common law. Jones, Chat. Mort. § 707. I do not think the provisions for a sale either at private sale or at public auction are uncommon in chattel mortgages. In Abbott's Forms, which is an approved work, we find the form of a chattel mortgage to secure a present indebtedness payable on demand or at a specified time, being No. 461, containing this provision:

"Upon taking said property, or any part thereof, into his possession, either in case of default or as above provided, the said Y. Z. shall sell the same at public or at private sale, and, after satisfying the aforesaid debt," etc.

Some of the forms of mortgages for sale at the stationers also contain the same provision. It is not an illegal provision. The mortgagor may, if he sees fit, in his

power of sale give authority to the mortgagee to sell either at public or private sale; and, if no method is specified in which the sale shall be made in the mortgage, it may be at public auction or at private sale, by giving due notice to the mortgagor of the time and place of sale. The sale in both of these mortgages is presumed to be for cash. There is no authority in either to sell upon credit. I do not, therefore, see how this instrument can be declared upon its face to be an assignment, within the rule laid down in *Kendall v. Bishop*, 76 Mich. 634, for it contains nowhere in the body of the instrument any trust for sale and disposition other than is usual and ordinary in chattel mortgages. It creates simply a lien, and does not purport to, nor does it, convey an absolute title to the property to Joseph W. Fitzgerald.

It appeared, however, in the testimony, that, at the time this mortgage was given, Frost was insolvent, although Fitzgerald claimed not to have been aware of that fact. He showed that the debt to him was a *bona fide* debt; and the record further shows that the instrument covered all the property and assets of Frost; but this testimony, given outside of the instrument upon the trial, could not be incorporated into it so as to enable the court to declare as a matter of law that the instrument upon its face was a common-law assignment; and, if it be claimed that it was intended so to be by Frost, then it became a question of fact for the jury to determine whether or not such was his intention at the time he executed the instrument. There was no question made but that all of these debts were *bona fide* and existing indebtedness at the time the mortgage was given. And I think that the court was right in holding that the instrument in question was a mortgage, and upon its face was valid, and that it was not a common-law assignment. And, as no question of fraud was raised outside

of that which would have been a fraud in law had it been an assignment, we think that the judge was warranted in directing a verdict for plaintiff; for, if the mortgage was not invalidated for the reason that it was a common-law assignment, no defense was made out.

The judgment should be affirmed.

The other Justices concurred.