JOHN B. WEBER ET AL. v. HENRY B. CHILDS ET AL.

*Assignment for benefit of creditors—Chattel mortgages—Preferences.*

This case is ruled by *Warner v. Littlefield*, 89 Mich. 329, and *Fitzgerald v. McCandlish*, Id. 400.

Appeal from Saginaw. (Gage, J.) Argued February 18, 1892. Decided March 4, 1892.

Bill to declare certain chattel mortgages an assignment for the benefit of creditors, and void for preferences, etc. Defendants appeal. Decree reversed, and decree entered

dismissing complainants' bill. The facts are stated in the opinion.

*Herbert A. Forrest,* for complainants.

*Wisner & Draper,* for defendants.

LONG, J. The complainants seek by this bill to have certain chattel mortgages given by one Charles W. Meyers to certain of his creditors declared an assignment with preferences, and the mortgagees decreed to hold the property covered by said mortgages, of which they have possession under the mortgages, in trust for all the creditors of said Meyers. The bill also prays that a receiver be appointed to take possession of the property, collect and sell the same, and hold the proceeds until the final decree of the court.

The defendants are mortgagees who have accepted under the mortgages. One of the mortgages was given to one Horace Johnson in trust for 26 of the creditors of Meyers. The complainants were among the creditors so secured, but who have not accepted the terms of the mortgage; it being subject to other mortgages, bearing earlier date. There is no claim of fraud in giving the mortgages by Meyers, but the claim is that the complainants are deprived of their right to a fair share of the property. It is not claimed by the bill but that every claim secured or attempted to be secured by the mortgages is a *bona fide* indebtedness, and no charge of fraud is averred against the mortgagees, who are made parties defendant.

A part of the mortgagees who are made defendants demurred to the bill. The demurrer was overruled, and defendants appeal.

The case falls so clearly within the cases of *Warner v. Littlefield,* 89 Mich. 329, and *Fitzgerald v. McCandlish,* Id.

400, that a discussion of the questions involved is wholly unnecessary. The present case must be ruled by those cases. They had not been decided at the time of the hearing of the present case in the court below, or presumably that court would have followed them.

The court was in error in overruling the demurrer, and its decree must be reversed, with costs of both courts, and a decree entered here dismissing complainants' bill.

The other Justices concurred.