## HUELLMANTEL *v.* VINTON.

1. CHATTEL MORTGAGES — AFTER-ACQUIRED PROPERTY — SALES BY MORTGAGOR.

A mortgage of a stock of goods is not void as against the creditors of the mortgagor because it covers after-acquired goods, and permits the mortgagor to sell in the usual course of trade, and apply the proceeds to his own use. Reaffirming *Louden v. Vinton*, 108 Mich. 313.

2. SAME—TROVER BY SECOND MORTGAGEE—LIMIT OF RECOVERY.

The holder of a second mortgage upon chattels may maintain trover against one who has wrongfully converted them, without paying or tendering the amount of a judgment theretofore recovered against the defendant for the conversion of the interest of the prior mortgagee, and may recover in the action such portion of the value of the property converted, up to the amount of his claim, as remains after satisfying the former judgment.

Error to Grand Traverse; Corbett, J. Submitted April 6, 1898. Decided April 19, 1898.

Trover by Julius Huellmantel against Medad Vinton. From a judgment for plaintiff, defendant brings error. Affirmed.

*Dodge & Covell*, for appellant.

*W. H. Foster*, for appellee.

HOOKER, J. This cause is before us a second time, our disposal of the same on the first hearing being reported in 112 Mich. 47, where the principal facts are stated. Upon a second trial the plaintiff recovered a judgment for $305.35, and the defendant has appealed.

The first question presented grows out of the claim of counsel that the plaintiff's mortgage was a "legal fraud." It is admitted that this question was passed upon in the case of *Louden* v. *Vinton*, 108 Mich. 313, which was a similar action to this, growing out of the same transaction, brought by an earlier mortgagee Being satisfied with the ruling in that case, we think it unnecessary to discuss the question here.

Several assignments of error are discussed in the briefs. One Foster, a witness for the plaintiff, was cross-examined in relation to his motive in taking a third mortgage upon the property, exception being taken to redirect examination permitted upon the same subject. We find no error in this.

We think it unnecessary to discuss the question raised in relation to the admission of the appraisal, or the denial of the motion to strike out the testimony, or the charge of the court in relation thereto.

The court instructed the jury that:

"Now, gentlemen of the jury, the first thing for you to consider, and for the court to consider now, is the value of this stock of hardware in question. Mrs. Louden having had a first mortgage on this stock of goods, and having obtained a judgment against the sheriff, and that judgment having been paid, if the stock of goods did not exceed in value the amount of her judgment, then there is

nothing left here for Mr. Huellmantel, the plaintiff, on his mortgage, and your verdict should be for the defendant. Now, gentlemen, if this stock of goods did not exceed the amount of the Louden judgment, which Buhl Sons & Co. paid, $3,184.65, there is nothing further for you to consider, and your verdict should be for the defendant of no cause of action."

This was proper instruction, unless, as counsel contend, the judgment in favor of Clara Louden was a complete answer to the plaintiff's claim, inasmuch as he had not paid such judgment nor tendered payment. There were three successive mortgages upon this property. The owner of the first, Mrs. Louden, recovered from the defendant, who converted the entire property, the amount of her lien. If that did not equal the value of the property,—and the jury evidently found that it did not,—the second mortgagee might recover a portion or the whole of the unappropriated value upon his claim. All of the property came to the possession of the defendant, who sold it, and appropriated the proceeds. Each person having an interest in the property wrongfully converted had a right of action for the conversion, which was separate and distinct from the rights of others, except as the right of the second was dependent upon the sufficiency of the property to pay the claim of the prior mortgagee and leave a surplus.

The question in relation to the village lot deeded to the plaintiff was decided on the former hearing. There was testimony justifying the court in his submission of that matter to the jury.

The judgment is affirmed.

The other Justices concurred.