*In re* UNITED FUEL & SUPPLY CO.

*In re* PEOPLES WAYNE COUNTY BANK.

1. CHATTEL MORTGAGES—AFTER-ACQUIRED STOCK—RIGHT TO SELL IN COURSE OF TRADE.

   A mortgage covering after-acquired stock is not rendered invalid by a reservation of power in the mortgagor to sell in the regular course of trade.

2. FRAUDULENT CONVEYANCES—FRAUD—PREFERRED CREDITORS.

A fraud is not committed by a debtor who pays or secures the payment of his obligation to one creditor or to certain of his creditors in preference to others.

3. CHATTEL MORTGAGES—ASSIGNMENT OF ACCOUNTS—FAILURE TO FILE.

A mortgage or assignment of accounts receivable is not rendered invalid as to the mortgagor's creditors by reason of failure to file it in accordance with 3 Comp. Laws 1915, § 11988.

4. SAME—RIGHT TO USE PROCEEDS.

A mortgage or assignment of accounts is not rendered invalid by a provision authorizing the mortgagor or assignor to collect the assigned accounts and use the proceeds in his business.

5. FRAUDULENT CONVEYANCES—ASSIGNMENT OF ACCOUNTS—PREFERRED CREDITORS.

An assignment of present and future book accounts, given in good faith to secure the payment of a *bona fide* debt, reserving to assignor the right to collect and use the proceeds in its business, and having effect of making assignee a preferred creditor, is not void, nor did it hinder, delay, or defraud creditors.

WIEST, C. J., dissenting.

Appeal from Wayne; Miller (Guy A.), J. Submitted January 14, 1930. (Docket No. 96, Calendar No. 34,615.) Decided April 7, 1930.

In proceedings for dissolution of United Fuel & Supply Company, Peoples Wayne County Bank filed petition to compel Charles H. Havill and another, receivers, to apply certain funds on liquidation of assignment of accounts receivable. From decree for plaintiff, defendants appeal. Affirmed.

*Lightner, Oxtoby, Hanley & Crawford* (*Henry E. Bodman,* of counsel), for plaintiff.

*Bryant, Lincoln & Miller* and *Stevenson, Butzel, Eaman & Long* (*William L. Carpenter,* of counsel), for defendants.

NORTH, J.   On the 8th day of March, 1928, the United Fuel & Supply Company, herein called the fuel company, was indebted to the Peoples Wayne County Bank in the sum of $921,500.  On that date the fuel company, in consideration of the bank extending further credit to the extent of $200,000, gave the bank a mortgage for $400,000 on certain vessels owned by the fuel company, and also to secure payment of its present and future indebtedness to the bank gave to it an assignment of ''all its book accounts and notes receivable together with all future book accounts and notes receivable that may be or hereafter become due or owing to it from any person or persons.''   This assignment contained the following provisions:

''The said assignee does hereby authorize and empower the assignor to collect, receive, sue for or compromise any and all such present or future book accounts and notes receivable, and assignor agrees and covenants that any and all sums of money that shall be received by it on account   *   *   *   shall be regarded as money received by it as the agent of and for the benefit of said assignee, but it is agreed that assignor may use said money in the conduct of its business as long as it is not in default in the terms of its indebtedness to assignee and that upon any such default it will thereafter turn over to said assignee all moneys collected on said accounts and notes to be applied to the reduction or payment of any indebtedness   *   *   *   to said assignee.  It is further agreed that any time said assignee, for any reason feels itself insecure,   *   *   *   the said assignee shall be entitled to demand, and upon receipt

of said demand said assignor shall be required to pay to said assignee all or any part of the moneys received by said assignee in payment in part or in whole of any accounts or notes receivable,    *    *    * and said sum so received shall be applied by said assignee upon the indebtedness of said assignor to said assignee.''

The fuel company continued to operate its business in the usual course until August 15, 1928. The bank then gave notice of its demand that all collections should be turned over to it to be applied on the indebtedness of the fuel company. On this date the fuel company's bank balance on deposit with the Peoples Wayne County Bank in the amount of $209,637.01 was taken over by the bank and applied on the fuel company's indebtedness; but it still owed the bank $911,545.98. At this time the fuel company's accounts receivable had been increased to the amount of $798,858.53; an excess of $166,205.63 over the amount as of March 8th. During the interim between March 8th and August 15th, the accounts payable of the fuel company had increased from $208,483.17 to $409,416.62; but during that period upwards of $400,000 of the bills receivable due it as of March 8, 1928, had been collected and the proceeds used by the fuel company. Some of its accounts payable on August 15, 1928, were due to those who were creditors as of March 8th, but others became creditors subsequent to March 8th.

Two days after being notified of the bank's demand for the payment of sums collected on its accounts and notes receivable, the fuel company filed a petition in the circuit court of Wayne county, in chancery, for the dissolution of the corporation and appointment of receivers incident thereto. The receivers were appointed, and by an arrangement with

the bank they proceeded to collect the accounts and notes receivable of the fuel company with the understanding that the moneys so realized should be placed in a special account with the bank and later by a proper proceeding in court it should be determined whether the receivers should pay the amounts so collected to the bank to be applied on the indebtedness of the fuel company or whether the receivers should distribute the funds *pro rata* among all of the fuel company's creditors.  On December 4, 1928, the bank filed in the receivership proceedings a petition by which it sought to have an order entered directing the receivers to pay over to it to apply on the indebtedness of the fuel company the moneys collected by the receivers.  The receivers and certain creditors opposed the making of such an order and contended that the assignment of its accounts and bills receivable by the fuel company to the bank was void and that the money in the hands of the receivers should be distributed *pro rata* among all of the creditors of the fuel company.  Upon hearing this petition, the circuit court held the assignment was valid, and decreed that all sums collected by the receivers belonged to the bank to be applied on the indebtedness of the fuel company.  The receivers have appealed from this order.

Counsel agree that no controverted question of fact is involved, and that the sole question of law is the validity of the assignment of March 8th.. It is the contention of the receivers that this assignment is void under the statute, 3 Comp. Laws 1915, § 11998, which provides:

"Every conveyance or assignment, in writing or otherwise, of any estate or interest in lands, or in goods or things in action, or of any rents or profits issuing therefrom, and any charge upon lands, goods

or things in action, or upon the rents or profits thereof, made with the intent to hinder, delay or defraud creditors or other persons of their lawful suits, damages, forfeitures, debts, or demands, and every bond or other evidence of debt given, suit commenced, decree or judgment suffered, with the like intent, as against the person so hindered, delayed or defrauded, shall be void."

Counsel for the receivers cite and largely rely upon a decision of the United States Supreme Court arising out of a very similar assignment and found in *Benedict* v. *Ratner,* 268 U. S. 353 (45 Sup. Ct. 566). We are constrained to hold that this decision is not binding upon the courts in Michigan, for the reason that the opinion rendered by Justice Brandeis is based wholly upon the fact that the assignment there in issue, which was a New York contract, was void under the decisions of the New York courts, which hold:

"* * * A transfer of property as security which reserves to the transferor the right to dispose of the same, or to apply the proceeds thereof for his own uses is, as to creditors, fraudulent in law and void." *Benedict* v. *Ratner, supra.*

But the Michigan decisions are to the contrary, and have sustained the validity of such assignments. It is settled law in this State that a mortgage covering after-acquired stock is not rendered invalid by a reservation of power in the mortgagor to sell in the regular course of trade. *Gay* v. *Bidwell,* 7 Mich. 519; *People* v. *Bristol,* 35 Mich. 28; *Wingler* v. *Sibley,* 35 Mich. 231; *Louden* v. *Vinton,* 108 Mich. 313; and *Huellmantel* v. *Vinton,* 116 Mich. 621. In the *Sibley Case,* above cited, a mortgage was sustained which contained the following provision:

"It is hereby agreed that the said party of the first part shall be allowed to continue the sale of goods from said store as though this instrument was not made."

It might further be noted, as appears in the opinion of Justice Brandeis above cited, that even in the State of New York a mortgage or assignment which provides that the proceeds of the sale of the mortgage or assigned property is to be applied "to the purchase of other chattels which shall become subject to the lien," is valid. In the instant case the assignment by the fuel company to the bank gave the assignor the right to use the money received by it from the collection of accounts and bills receivable, "in the conduct of its business." This provision is tantamount to one requiring the expenditure of such funds to be used in the purchase of goods to replenish the incumbered stock, and it would seem to be valid even under the New York decisions.

A fraud is not committed by a debtor who pays or secures the payment of his obligation to one creditor or to certain of his creditors in preference to others. *Brown, etc., Co.* v. *Mosier,* 187 Mich. 55. A mortgage or assignment of accounts receivable is not rendered invalid as to the mortgagor creditors by reason of failure to file it in accordance with 3 Comp. Laws 1915, § 11988. *Preston National Bank* v. *Purifier Co.,* 84 Mich. 364, and *Farrell Fdry. & Machine Co.* v. *National Bank,* 93 Mich. 582. Upon principle, it seems clear that such an assignment is not rendered invalid by a provision authorizing the mortgagor or assignor to collect the assigned accounts and use the proceeds in his business any more than a mortgage of chattels constituting a part of the stock of a going mercantile business is rendered

invalid by reason of a provision therein authorizing the mortgagor to sell such mortgaged chattels and to use the proceeds thereof. As indicated by the authorities above cited, such a mortgage is not invalid in Michigan. Hence we conclude that this assignment of the United Fuel & Supply Company to the Peoples Wayne County Bank is not invalid because of the statutory provision herein quoted.

The above conclusion is in accord with the holding of the United States circuit court of appeals which, in reviewing a like assignment controlled by the law of Michigan, held:

"A parol assignment by a man in business of the accounts and bills receivable which he should acquire in the course of such business to secure a person for becoming his indorser to enable him to raise money for use in the business creates a valid lien as against the assignor's trustee in bankruptcy where the assignment was made in good faith, although no notice of the same was given to creditors, and the notes and accounts remained in the possession of the assignor until his bankruptcy." (Syllabus) *Union Trust Co.* v. *Bulkeley* (C. C. A.), 150 Fed. 510.

On the question as to this assignment being void under the hereinbefore-quoted statute, the case of *Wood* v. *Eldredge,* 147 Mich. 554, relied upon by appellant, is clearly distinguishable from the instant case. The chattel mortgage involved in the *Wood Case* contained a coercive provision as pointed out and discussed at page 567 of that opinion. Such a provision, for reasons there stated, was held to have rendered the chattel mortgage invalid. There is no provision of that nature in this assignment by the fuel company to the bank. Instead, this assignment was in fact and in law nothing more than a mortgage lien given to secure the payment of a

*bona fide* debt. It was given in good faith. This is not questioned. It was not rendered invalid because it was not recorded or filed. Except as it made the bank a preferred creditor, as the assignor had a lawful right to do, it did not "hinder, delay or defraud" creditors. The decree entered in the lower court is affirmed, with costs to the appellee.

BUTZEL, CLARK, POTTER and SHARPE, JJ., concurred with NORTH, J.

WIEST, C. J. (*for reversal*). The assignment of book accounts and notes receivable, past and future, coupled with the condition of use thereof by the assignor in the conduct of its business, if it passed title, also constituted a loan thereof by the assignee to the assignor, and the assignee cannot have preference over subsequent creditors of the assignor. The receiver should distribute the funds *pro rata* among all of the creditors of the United Fuel & Supply Company. If the assignment be considered a mortgage, then, it not having been recorded, is void as to good-faith subsequent creditors.

The decree should be reversed, with costs, and one entered here directing the receiver to distribute the assets *pro rata* among all of the creditors of the United Fuel & Supply Company.

McDONALD and FEAD, JJ., did not sit.