## JOAS v. JORDAN et al.

Rev. Civ. Code, § 2366, provides that a debtor may prefer one creditor to another, or may give to one creditor security for the payment of his demand in preference to another. Section 2372 provides that an insolvent debtor may execute an assignment for benefit of creditors without preferring any creditor over another. A debtor executed a trust deed of all his property, except that exempt from execution, and directed that it should be sold and the debts of those creditors should be paid who should become parties and agree on payment made, whether in full or in part, to release the debtor, and that, if the proceeds should not be sufficient, then to apply the same as far as they would go, any surplus to be repaid to the debtor. Held, that the deed of trust was in the nature of a security for the benefit of creditors assenting thereto, and did not constitute a general assignment within section 2372, and that it was therefore competent for the debtor under section 2366 to prefer those creditors who should assent thereto.

Where a trust deed executed by a debtor for the benefit of

creditors, though not technically so denominated, was in effect a mortgage, the property thereby conveyed could not under the express provisions of Rev. Civ. Code, § 2099, be levied on by execution without payment or tender of the amount due creditors assenting to such trust deed.

(Opinion filed, August 29, 1907.)

Appeal from Circuit Court, Kingsbury County. Hon. CHARLES S. WHITING, Judge.

Action by Frank Joas against James F. Jordan, as trustee, for the benefit of creditors of Jacob C. Jacobson, and the Equitable Fidelity & Title Company and Jacob C. Jacobson. From an order overruling its demurrer to the complaint, the Equitable Fidelity & Guaranty Company appeals. Reversed, with directions to sustain the demurrer.

*Hall, Lawrence & Roddle,* for appellant.

A debtor may pay one creditor in preference to another or may give to one creditor security for the payment of his demand in preference to another. § 2366, Revised Civil Code; Sandwich Mfg. Co. v. Max, 5 S. D. 125; Jewett v. Downs, 6 S. D. 319; Bank v. North, 2 S. D. 491; Jones v. Myer, 7 S. D. 152. The statute does not declare that one who has decided to apply all his property in payment of his debts as far as it will apply must distribute among his creditors ratably. Cutler v. Pollock, (N. D.) 25 L. R. A. 377. In the absence of express conditions a liability will not be construed into a bond which was not intended by the parties. 5 Cyc., page 765. Conditions are in many cases inserted in a bond in the nature of conditions precedent to liability thereon and where so inserted a performance of or compliance therewith is a prerequisite to the maintenance of an action to recover on such instrument. 5 Cyc., page 814; Davis v. Gulley, 19 N. C. 360; Cowles v. Garrett, 30 Ala. 341.

*A. R. Abel* and *Warren & Warren,* for respondent.

An assignment for the benefit of creditors authorizing the assignee to carry on and conduct said business in his discretion for such a time as in his judgment it shall be beneficial so to do or to sell all of said goods and stock in trade and property at such time, in such manner, and for such prices as he may deem proper, and to apply the net proceeds, etc., is void. Jones v. Syer,

36 Amer. Repts. 366. McCleery v. Allen, 29 Am. L. 777; McReynolds v. Redman, 47 Ark. 384; Green v. Banks, 24 Tex. 508. All parties to a deed are bound by the recitals in it legitimately appertaining to the said matter of it. Recitals of a matter of fact in a deed are ordinarily binding on the grantors. They are also binding on the grantees and his successors in a state where he, or they, base their right on the deed, but not otherwise. 16 Cyc. 699,700. Parties are estopped by the material recitals in a bond the same as by the recitals in a deed of conveyance. 16 Cyc. 702.

CORSON, J. This is an appeal by the defendant Equitable Fidelity & Title Guaranty Company, a corporation, from an order overruling its demurrer to the plaintiff's complaint.

The action was instituted against the appellant Jacob C. Jacobson and James F. Jordan. The separate demurrer of Jacob C. Jacobson was sustained. It appears from the abstract that the summons was served upon the appellant and upon Jacobson. The action is brought upon a bond executed by the appellant and the said Jordan on the 22d day of May, 1905. The complaint is quite lengthy, and the facts therein alleged may be briefly stated as follows: That this defendant and appellant is a corporation; that prior to the 24th day of March, 1905, the defendant Jacobson was engaged in business as a retail merchant at Arlington, Kingsbury county, in this state, and that said Jacobson was indebted to a number of creditors for goods, wares, and merchandise sold and delivered to him; that among these creditors was the plaintiff in this action; that in March, 1905, the said Jacobson made, executed, and delivered to the defendant James F. Jordan a trust deed, conveying to the said Jordan, for the benefit of such creditors of said Jacobson as might agree to its conditions and accept the benefits thereunder, all his property, except that which is exempt from execution. This trust deed is set out in full, and provides, among other things, that the said Jacobson, party of the first part, in consideration of the premises, has granted, sold, conveyed, and assigned, and does grant, sell, convey, and assign, to said Jordan, party of the second part, all and singular his lands and tenements, goods, chattels, and effects, claims, demands, and bills receivable,

including books of accounts and other evidences of indebtedness, together with all collateral thereto belonging or pertaining thereto, except exempt property therein specified for the folowing uses and purposes:  (1) To take possession of said property, and to sell and dispose of the same at public or private sale with all reasonable diligence and to convert the same into money; to collect all claims, demands, and bills receivable, or settle, compromise, and compound the same; (2) to pay and discharge all the just debts and reasonable expenses against, and charges of executing and carrying into effect, the trust thereby created; (3) to pay and discharge in  full all the debts and liabilities due and owing by the said Jacobson to those of his creditors who shall become parties thereto and who shall in consideration of the premises undertake and agree upon payment made, whether in full or in part, to fully release, discharge, and absolve said Jacobson from all indebtedness to them or either of them, and, if the proceeds of said property shall not be sufficient to pay said debts, liabilities, and interest in full, then to apply the same, as far as they will extend, to the payment of said debts, and that after the payment as aforesaid, if there was any surplus, to repay the same to said Jacobson, and it is provided that the said Jordan as trustee may, if he shall deem it best, in order to convert the property assigned, continue the business for such time as he may deem it advantageous.  Annexed to this agreement were the signatures of 34 creditors who accepted the terms of the same.  It is further alleged that on the day of the execution of said trust deed said Jordan entered into and took possession of the said property, and disposed of the same under the provisions of said trust deed; that said Joas, one of the creditors of said Jacobson, refused to comply with the provisions of said trust deed or to be bound by the provisions therein; that on the 18th day of April, 1905, the claim of the said plaintiff was placed in judgment, execution issued thereon, and placed in the hands of the sheriff, with instructions to levy the execution upon the property of the said Jacobson so assigned by him to the said Jordan; that in May, 1905, the said sheriff being about to levy upon the said stock of goods, an agreement was entered into by the said Jordan, by which he agreed to furnish the bond herein referred to in

lieu of the personal property to be seized; that said bond was furnished for the reason that said Jordan desired to attack the validity of asid judgment and the right of said sheriff to levy upon the said personal property, and it is provided, in substance, in said bond that if it shall be finally determined by the court that the judgment in favor of the plaintiff and against the said Jacobson is valid, and the personal property transferred by said Jacobson to said Jordan is liable to be sold under said execution, the said appellant and said Jordan would pay the amount of said judgment and costs, and it is further alleged that by reason of the conditions set forth in said bond, and by reason of the fact that said Jordan and said Jacobson have failed and neglected to have the court pass upon the validity of said judgment and the right of said officer to levy upon said property, this plaintiff has been unable, and is still unable, to collect the amount due him upon said judgment, and that the plaintiff cannot recover upon said bond until the court declares the judgment above set forth a valid judgment, and that the property of said Jacobson is liable to be seized upon under the execution issued thereon. The plaintiff therefore prays judgment (1) that the judgment in favor of the plaintiff may be declared a valid judgment; (2) that the personal property turned over by the said Jacobson to the said Jordan by virtue of said trust deed was liable to be seized and sold under the execution on said judgment, and for such other and further relief as to the court may appear to be equitable and just.

Two questions seem to be presented therefore by the demurrer: (1) Was the judgment a valid judgment? (2) Was the property conveyed by Jacobson to Jordan liable to be seized upon under the execution issued upon said judgment? It is contended by the appellant that the plaintiff does not allege that the trust deed to Jordan was fraudulent, or that there was any fraud whatever in the transaction or in any of the claims so secured. Neither does he allege that, after the payment of the claims of such creditors, any property or money would remain which under the terms of the agreement with Jacobson would be repaid to him, and that there is no allegation that the transaction amounted to a general assignment for the benefit of creditors; nor is there any-

thing alleged which negatives any of the legal or statutory rights of a debtor in this state to prefer any of his creditors. It is further contended by the appellant that the only exception in this state to the right of a debtor to make preferences is in case he makes a general assignment for the benefit of all of his creditors, in which case the "property of the insolvent shall become a trust fund to be administered in equity, in the circuit court, and shall inure to the benefit of all the creditors in proportion to their respective claims or demands," as provided in section 2372, Rev. Civ. Code.

The appellant further contends that the plaintiff is in no position to claim that this case comes within the provisions above quoted, because this is not an action whereby the plaintiff seeks to have administered in the circuit court the property of Jacobson for the benefit of all of his creditors in proportion to their respective demands, but is an action wherein he seeks, as a mater of law, to have his rights as a subsequent levying judgment creditor declared superior to the rights of the preferred creditors upon the property upon which their claims were secured, and that the purported assignmet is not an assignment for the benefit of creditors, but was security for the special claims signed by Jacobson on the one part, and certain creditors on the other, who were willing to receive security on the property therein specified.

It is further contended by the appellant that there was no allegation in the complaint to make any general assignment for the benefit of his creditors as provided by our Code. There seems to be much force in the contention of the appellant, and it is somewhat difficult to discover any legal ground upon which the complaint can be sustained. Section 2366 of the Revised Civil Code provides: "A debtor may pay one creditor in preference to another, or may give to one creditor security for the payment of his demand, in preference to another." In Sandwich Manufacturing Co. et al. v. Max et al., 5 S. D. 125, 58 N. W. 14, 24 L. R. A. 524, this subject is discussed very fully by this court, and the question of the right of a debtor to prefer one creditor or more and to make an assignment for the benefit of such creditors is fully considered, and it was held that "it is only when a debtor

indicates his intention of taking advantage of a law permitting and regulating general assignments and putting his property under its protection that he is denied the right to make preferences among his creditors."

We are clearly of the opinion that in the case at bar that the purported deed of trust was in the nature of a security for the benefit of the creditors assenting thereto, and did not constitute a general assignment under the provisions of our Code, annd that it was competent, therefore, for the debtor to prefer the creditors who assented to the assignment and agreed to accept their pro rata share of the proceeds of the property assigned and release the debtor from all further liability, and that the purported trust deed or agreement entered into by the debtor with Jordan as trustee, and the creditors accepting the conditions, was a complete disposition of his property under the provisions of our Code above quoted, and the construction given to the same in the case of Sandwich Manufacturing Co. v. Max, supra. While the trust deed may not technically be denominated a mortgage, it constituted in effect a mortgage, and the plaintiff, before he could levy upon the same, was, by the terms of section 2099, Rev. Civ. Code, required to pay or tender the amount due those several creditors before he could legally levy upon the property. Jewett v. Sundback, 5 S. D. 111, 58 N. W. 20; Plunkett v. Hanachka, 14 S. D. 454, 85 N. W. 1004. The question of the right of a debtor to prefer certain of his creditors is so fully discussed by this court in the case of Sandwich Manufacturing Co. v. Max, supra, that a further discussion does not seem to us nceessary, as we are clearly of the opinion that the purported trust deed was legal and valid as against the creditors of the debtor. Not assenting to become a party thereto, the plaintiff acquired no rights to said property under and by virtue of the execution issued upon his judgment. The court therefore erred in overruling appellant's demurrer. In taking this view of the complaint it becomes unnecessary to discuss the other questions presented on this demurrer.

The order of the circuit court overruling appellant's demurrer is reversed, and that court is directed to enter an order sustaining the demurrer.