FOSTER, Respondent, v. DISCHNER et al, Appellants.

(212 N. W. 506.)

(File No. 5764. Opinion filed March 7, 1927.)

1. **Attachment—That Attachment Was Made Without Valid Levy by Sheriff's Failure to Take Actual Possession Did Not Prevent Owner from Recovering for Wrongful Attachment.**

   Mortgagor, whose stock and hogs were wrongfully attached, could recover damages for wrongful attachment, though levy was claimed to be invalid for sheriff's failure to take actual possession of property described in notice, as only means of objection was to submit to levy and ask its release.

2. **Attachment—Owner of Property Attached Under Invalid Levy Should Submit Thereto and Seek Prompt Release.**

   Proper procedure for owner of property attached under invalid levy is to submit to levy and ask court to release him.

3. **Attachment—Owner Who Sought Release Promptly Could Recover Damages for Wrongful Attachment Between Date of Levy and Release, Regardless of Levy's Validity.**

   Where property was wrongfully attached, owner thereof, who promptly sought release of levy, could recover damages resulting from levy between date of levy and date of release, regardless of whether levy was valid, as only remedy of owner was to submit to levy and ask its release by court.

4. **Attachment—Defendant Cannot Question Regularity of Attachment in Action on Undertaking in Attachment.**

   In action on undertaking in attachment, defendant cannot question regularity of attachment.

5. **Attachment—Chattel Mortgages—Mortgagor Was Not Prevented from Recovery for Wrongful Attachment by Fact that Officer Making Attachment Failed to Pay, Tender, or Deposit Amount of Mortgage Debt to Mortgagee (Rev. Code 1919, § 1603).**

   Owner was not prevented from recovering damages for wrong-

ful attachment of hogs and cattle covered by chattel mortgage by fact that no payment, tender, or deposit was made by officer to mortgagee before taking property under levy, as required by Rev. Code 1919, § 1603, mortgagor not being bound to inquire into whether mortgagee's claim had been recognized.

6. **Attachment—Damages for Wrongful Attachment May Include Attorney's Fees, Time Spent in Securing Release of Levy, and Depreciation in Value of Property Attached.**

In action for damages by wrongful attachment, recovery for attorney's fees, time spent in securing release of levy, and for depreciation in value of property, held proper; damages of $235 embracing such items not being excessive.

Note.—See, Headnote **(1)**, American Key-Numbered Digest, Attachment, Key-No. 359, 6 C. J. Sec. 1178; **(2)** Attachment, Key-No. 232, 6 C. J. Sec. 994; **(3)** Attachment, Key-No. 375(1), 6 C. J. Sec. 1310; **(4)** Attachment, Key-No. 277, 6 C. J. Sec. 746; **(5)** Attachment, Key-No. 359, 6 C. J. Sec. 1178; **(6)** Attachment, Key-No. 375(1), 6 C. J. Secs. 1318, 1326, 1334.

Attorney's fee recognized as an element of damages in wrongful attachment, see 2 R. C. L. 909; 1 R. C. L. Supp. 659; 5 R. C. L. Supp. 116; 6 R. C. L. Supp. 114.

Appeal from Circuit Court, Minnehaha County; Hon. John T. Medin, Judge.

Action by Art Foster against George M. Dischner and another. From a judgment for plaintiff and an order denying a new trial, defendants appeal. Affirmed.

*Parliman & Parliman,* of Sioux Falls, for Appellants.

*Krause & Krause,* of Dell Rapids, for Respondent.

MORIARTY, C. This is an action on an undertaking in attachment. In February, 1920, the appellant Dischner brought suit against the respondent, and in that action secured a warrant of attachment on the ground that respondent was about to assign, dispose of, and secrete his property with intent to defraud his creditors. Under the warrant so secured the sheriff made a levy, or purported levy, upon certain cattle and hogs which respondent was then feeding for market. The property described in the sheriff's notice of levy was covered by a chattel mortgage, and no payment, tender of payment, or deposit of the amount due on the mortgage was made.

Instead of taking this property into his actual possession, the sheriff allowed it to remain in respondent's custody, taking from respondent a receipt stating that he (respondent) has the property described in the notice of levy, "and keep the same to the order of the sheriff of Lake county, S. D."

The respondent filed affidavits traversing each of the allegations of the affidavit upon which the warrant of attachment was secured, appellant presented no further showings in support of the allegations of his original affidavit, and the court made an order discharging the attachment, on the ground that the warrant had been improvidently issued. Thereafter the action was tried, and the verdict and judgment were for the defendant, respondent herein.

Respondent began the instant case to recover damages alleged to have been suffered from the attaching of his property. The case was tried to a jury which returned a verdict for respondent. A new trial was granted by Judge Fleeger. The second trial was before Judge Medin, and resulted in a verdict for respondent in the sum of $942.38. The trial judge submitted to the jury special interrogatories as to each of the several items of damage claimed by respondent in his complaint, and the answers found the following amounts due respondent:

For care of hogs and cattle during time respondent was
    prevented by levy from selling as intended ..........$ 60.00
For attorneys' fees in the securing of release of levy ..... 150.00
Depreciation in value of hogs and cattle .................. 238.00
Value of feed fed to hogs and cattle held for sale ........ 469.38
Time spent by respondent in securing release of levy..... 25.00
                                                   ―――――
    Total ...................................... $942.38

Judgment was entered upon this verdict, but, upon motion for a new trial, Judge Medin decided that all items of the recovery except those for attorneys' fees, for care of stock, and time spent in securing release of levy, should be stricken out, and the judgment reduced to $235. Upon respondent consenting to such reduction, judgment for $235 and costs was entered, and the former judgment vacated. From the $235 judgment and the order denying a new trial this appeal is taken.

In the assignments of error and the arguments contained in their brief appellant's counsel present three contentions:  First, that respondent should recover no damages because there was no valid levy, in that the sheriff failed to take actual possession of the property described in the notice of levy; second, that there was no valid levy because the property was covered by a chattel mortgage, and no payment, tender, or deposit was made as provided by section 1603, R. C.; third, that the damages are excessive.

[1]   As to the alleged invalidity of the levy, the sheriff came to the respondent armed with a warrant.  While respondent had the right to question the validity of the warrant and of the levy, he had no right to ignore the levy or to resist the officer acting under a warrant.  Had the sheriff insisted on removing the property from the respondent's premises respondent would not be justified in resisting such removal.

[2, 3]   The proper and regular procedure was to submit to the levy and ask the court to release it.  This remedy respondent pursued promptly.  Under such circumstances he was entitled to recover such damages as resulted from the levy, between the date of levy and that of the release.  Under these circumstances the question whether the levy was valid is immaterial.  Adams v. Fox, 17 Vt. 361, cited with approval in Plunkett v. Hanschka, 14 S. D. 454, 85 N. W. 1004.

[4]   In an action on an undertaking in attachment the defendant cannot question the regularity of the attachment.  Brown v. Tidrick, 14 S. D. 249, 85 N. W. 185, 86 Am. St. Rep. 754.

[5]   What we have said as to appellant's first contention answers his second contention.  When the respondent submitted to the authority of an officer armed with a warrant he was not bound to inquire whether the mortgagee's claim had been recognized, as provided by law.  That was a matter between the officer and the mortgagee.

[6]   As to the damages allowed by the trial court, the jury found the amount of several items of damages, aggregating $942.38.  As the respondent has consented to the reduction of his claim to the sum of $235, there can be no prejudicial error if items aggregating that amount were entitled to be allowed.  The items of $150 for attorneys' fees, $25 for time spent in securing

the release of levy and $238 for depreciation in value of the hogs and cattle were properly allowable, and these items aggregate an amount in excess of the judgment entered.

We find no reversible error in the record, and the judgment and order appealed from are affirmed.

CAMPBELL, P. J., and GATES, POLLEY, SHERWOOD, and BURCH, JJ., concur.