PRALL, Respondent, v. RUSH, Appellant.

(216 N. W. 549.)

(File No. 5857.   Opinion filed December 13, 1927.)

1. **Bankruptcy—Bankruptcy Trustee Could Recover Merchandise Assigned for Benefit of Creditors or Its Value from Assignee or Assignee's Purchaser Not in Good Faith.**

   Stock of merchandise or its value assigned by insolvent debtor for benefit of creditors, if in hands of assignee at time petition in bankruptcy was filed, within four months after assignment, could be recovered by the trustee in bankruptcy from the assignee or from his purchaser if transferred, unless purchaser took in good faith; such assignment being not only act of bankruptcy, but fraud on bankruptcy act.

2. **Bankruptcy—Transfer of Debtor's Merchandise by Assignee for Benefit of Creditors to Purchaser Knowing of Bankrupt's Condition Held Void Against Bankruptcy Trustee.**

   In action by trustee in bankruptcy for value of merchandise, transferred by bankrupt to assignee for benefit of creditors within four months before filing of bankruptcy petition, defendant, an officer of one of bankrupt's creditors, purchasing merchandise from assignee with knowledge of bankrupt's affairs and that assignee acted under assignment for benefit of creditors, held not purchaser in good faith and did not acquire title or right to possession of merchandise as against trustee in bankruptcy and was liable for its value.

---

Note. — See, Headnote (1), American Key-Numbered Digest, Bankruptcy, Key-No. 178(3), 7 C. J. Secs. 74, 273, 274; (2) 7 C. J. 286.

Appeal from Circuit Court, Pennington County; HON. W. G. MISER, Judge.

Action by Oscar F. Prall, as trustee of the estate of John W. McKay, bankrupt, against Clinton C. Rush. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

*Buell, Denu & Philip,* of Rapid City, for Appellant.

*Schrader & Lewis,* of Rapid City, for Respondent.

GATES, J. One McKay operated a general store at Scenic. Being in financial difficulties, he executed an assignment for the benefit of creditors to W. A. Marin of the Northwestern Jobbers' Credit Bureau of St. Paul for the benefit of himself and assenting creditors on December 24, 1923. Some of the creditors assented, others did not. One creditor attempted to assent after McKay had been adjudged bankrupt. On January 14, 1924, McKay filed a voluntary petition in bankruptcy and was adjudged bankrupt on January 19, 1924. On February 1, 1924, plaintiff was appointed and qualified as trustee in bankruptcy.

Marin did not comply with the requisites of our state insolvency laws, and on January 7, 1924, sold and conveyed the stock of merchandise to defendant for $2,630.83. The trial court found that both Marin and defendant then had knowledge that McKay was insolvent, that there was no actual intention in fact upon the part of Marin or defendant to defraud creditors, but that the sale was constructively fraudulent by reason of their knowledge of insolvency and because it was within four months from the filing of the bankruptcy petition. This action was brought by the trustee in bankruptcy against defendant to recover the value of the stock of merchandise. The court found the value to be $3,130.83 and entered judgment for plaintiff for that sum, with interest from demand, and costs. From such judgment and an order denying new trial, defendant appeals.

Much is said in the briefs with reference to the claim of respondent that the transfer to Marin was void because Marin did not comply with the provisions of our insolvency laws, and because the provisions of the bulk sales law were not complied with. In the view we take of this case, it is unimportant to consider those questions.

"Voluntary general assignments within the 4 months' period, whether with or without preferences, are legal frauds and therefore voidable." Collier, Bkr. (13th Ed.) 1580.

"A general assignment, within the 4 months' period, being not only a fraud on the act but an act of bankruptcy, seems to stand on a different footing from fraudulent transfers per se. The assignment being void by operation of law, no title passes, and the general assignee does not become an adverse claimant, but at most but an agent of the assignor. Being such agent, his possession is that of his principal."

"Under such an assignment, the title of the trustee in bankruptcy relates back to the date of the adjudication, and the assignee is thereafter merely a custodian without title; after that time he may not lawfully sell the assets, and all his acts in relation thereto, other than custodial, are null and void." Collier, Bkr. (13th Ed.) 1655.

[1, 2] Inasmuch as an assignment for the benefit of creditors is not only an act of bankruptcy but a fraud upon the bankruptcy act, there is no question but that, if the stock of merchandise had been in the hands of Marin at the time the petition in bankruptcy was filed, the plaintiff could have recovered the stock or its value from Marin. In order to put defendant in any different position from that of Marin, defendant must have shown himself to be a purchaser in good faith. He was not such. He was an officer of the bank at Scenic, which was a creditor of McKay, knew all about McKay's affairs, and knew that Marin was acting under the claimed assignment for the benefit of creditors.

Appellant attempts to rely upon Joas v. Jordan, 21 S. D. 379, 113 N. W. 73, as to the legal effect of the instrument held in that case not to be an assignment for the benefit of creditors, but in Brekke v. Crew, 43 S. D. 106, 178 N. W. 146, the decision in Joas v. Jordan was expressly overruled.

We are of the opinion that the trial court rightly concluded that by the transfer from Marin to appellant the latter did not acquire the title nor right of possession of said stock of merchandise, and that such transfer was void as to respondent.

The judgment and order appealed from are affirmed.

CAMPBELL, P. J., and POLLEY, SHERWOOD, and BURCH, JJ., concur.