**MIDLAND ACCEPTANCE CORP v GENERAL MOTORS ACCEPTANCE CORP**

Ohio Appeals, 1st Dist, Hamilton Co

No 4514. Decided Feb 19, 1934

Donald E. Calhoun, for plaintiff in error.
tiff in error.

Hightower & O'Brien, Cincinnati, for defendant in error.

## OPINION

By ROSS, J.

A motion for a new trial was filed in time and under **Boedker v Warren E. Richards Co., 124 Oh St, 12,** this entry became merely a finding. The final judgment of the court appears therefore in the conclusion of the entry overruling the motion for a new trial, as follows:

"Wherefore it is ordered, adjudged and decreed that plaintiff recover judgment against the defendant for the sum of Seven Hundred and Twenty and no/100 ($720.00) Dollars, with interest at 6% from January 13, 1932 and for costs.

"To all of which defendant excepts."

An examination of the record shows that the automobile was in the possession of Runk simply for storage purposes, and that title thereto was in the defendant in error.

Several transactions had occurred after the car was sold by Runk which it is unnecessary to note. There can be no question that Runk has a mere possession of the automobile, and this is, of course, in the absence of fraud or estoppel, insufficient to justify an execution by a creditor of Runk. The levy of execution was, therefore, unquestionably wrongful.

Has the procedure adopted by the court been erroneous and prejudicial to the plaintiff in error?

No motion was made by plaintiff in error to elect which of the inconsistent suits would be tried. It is stated by the court in its opinion that there was an informal consent to proceed. The papers and record bear out this statement by what they do not contain.

The restraining order should have been dissolved and the injunction proceeding dismissed, for the reason that the defendant in error had an adequate remedy at law, and we conclude that this court has power under the circumstances to so order, and such judgment may be presented, at the costs of the defendant in error.

It appears that the final conclusion of the trial court was to treat the levy as a conversion instigated by the plaintiff in error; it also appearing further in the record that the employes of the plaintiff in error directly participated in the levy, we conclude that in spite of the indefinite and irregular pleading on the part of defendant in error, that substantial justice requires us to acquiesce in such conclusion, though we in no way approve the procedure adopted. However, in view of the fact that the restraining order issued in the injunction case prevented the sale by the bailiff and that it is a matter of common knowledge that depreciation thereupon ensued in the automobile, we further conclude that justice requires that the defendant in error accept a reduction in the judgment, based upon a 40% reduction in the value of the automobile, as found by the trial court. It is obviously unfair to permit the defendant in error to recover the full value of its claim, based upon a conversion of the automobile at a given time, when by the order of the court the plaintiff in error was prevented from realizing upon the proceeds of a sale at such time.

As so modified, the judgment of the Court of Common Pleas will be affirmed and reversed as to the amount of recovery of defendant in error and reversed and judgment entered in this court for the plaintiff in error in the injunction proceeding.

HAMILTON, PJ, and CUSHING, J, concur.