SCHIEVELBEIN, Appellant, v. BOOS et al., Respondent

(45 N. W.2d 453)

(File No. 9163. Opinion filed December 26, 1950)

**George J. Danforth, Henry C. Mundt,** Sioux Falls, for Appellant.

**Louis H. Smith, Tom Kirby,** Sioux Falls, for Respondents.

RUDOLPH, J. · The question presented in this appeal concerns the validity of a purported levy made upon an automobile which was subject to an outstanding mortgage. The plaintiff, claiming that the levy was invalid, brought this action against the sheriff and his bondsmen for damages. The trial court held the levy was valid. Plaintiff has appealed.

A Sioux Falls bank held a mortgage on the automobile here involved and other personal property of B. L. Brune. The mortgagor being in default the bank started foreclousre proceedings by advertisement, which were restrained and an action commenced. The circuit court ordered the sheriff to take possession of the mortgaged property, which the sheriff did on the 8th day of May, 1949. While this property was being held by the sheriff in the mortgage foreclosure proceedings the levy here involved was attempted on May 18, 1949, under an execution issued in the case of Holloway against Brune. This levy was made by the sheriff by filing with the Register of Deeds a copy of the Notice of Levy and mailing a copy thereof to Brune. The mortgage foreclosure action resulted in a judgment against Brune, but before the sale of the mortgaged property the present plaintiff paid Brune's indebtedness to the bank and received from the bank an assignment of the Brune notes and mortgage. Plaintiff was given a bill of sale by Brune and possession of all the property covered by the mortgage. Thereafter the sheriff took from plaintiff's possession the automobile for the purpose of selling it to satisfy the Holloway judgment.

The sheriff contends that the levy made on May 18, 1949, was a valid levy, and that plaintiff took the automobile subject to the levy and the lien created thereby. Appellant contends that the levy made on May 18 was ineffectual for any purpose because there was a failure to comply with SDC 39.0414 which provides: "Personal property mortgaged may be taken under attachment or execution issued at the

suit of a creditor of a mortgagor. Before the property is so taken, the officer must pay or tender to the mortgagee or his successor in interest the amount of the mortgage debt and interest, or must deposit the amount thereof with the county treasurer, payable to the order of the mortgagee."

It is admitted there was no attempt to comply with this statute in making the levy of May 18, however, respondent takes the position that the statute is not applicable to the present facts.

 We are of the opinion that this automobile was property "capable of manual delivery" within the meaning of SDC 33.1913(3) and the only means of making a valid levy thereon was "* * * by taking the same into the sheriff's actual custody." The fact that it was being held under the order of the court in the mortgage foreclosure proceedings did not make it property not capable of manual delivery, nor classify it as "property which by reason of its bulk or other cause cannot be conveniently removed," within the meaning of SDC 33.1913(2). To make a valid levy thereon it was necessary for the sheriff to take the property into his actual custody under the execution issued in the Holloway case. Before he was privileged to take custody of the property under the Holloway execution it was necessary that he comply with the provisions of SDC 39.0414, and failure to comply with this statute makes the purported levy void. Such was the holding of the territorial court, and has been the holding of this court since statehood.

The court in the case of Keith v. Haggart, 4 Dak. 438, 33 N. W. 465, 469, said: "The legal duty was a negative one. He was under a legal obligation to refrain from levying upon the mortgaged property until he had performed the condition precedent prescribed by the terms of the statute. The statute is in its nature prohibitory. It imposes terms which must first be complied with before such levy can be made; and the effect of a non-compliance with the conditions of the statute is to make the act done without such compliance illegal and void."

This court in the case of Plunkett v. Hanschka, 14 S.D. 454, 85 N.W. 1004, 1005, held: "The mortgage being a valid

and subsisting security for the balance due from Bates to Hanschka, and no tender having been made of the amount due upon the mortgage, the officer was not authorized to levy upon the property; * * *."

Again in the case of Joas v. Jordan, 21 S.D. 379, 113 N. W. 73, 75, this court said: "While the trust deed may not technically be denominated a mortgage, it constituted in effect a mortgage, and the plaintiff, before he could levy upon the same, was, by the terms of section 2099, Rev.Civ. Code, required to pay or tender the amount due those several creditors before he could legally levy upon the property."

Such also is the holding of the California court under the terms of an identical statute from which our statute was taken. In the case of Sousa v. Lucas, 156 Cal. 460, 105 P. 413, 415, the California court said: "* * * the provisions of the statute requiring tender or payment measure the power of the officer in effecting a legal attachment, and that, without compliance with these requirements, no lien is created by the attempted levy."

Respondent's position is that it is only the mortgagee who may assert the invalidity of the levy. Respondent cites the statement in the case of Foster v. Dischner, 51 S.D. 102, 212 N.W. 506, 507, that the validity of an attachment by the officer "* * * was a matter between the officer and the mortgagee." But that statement was made in a case where the warrant of attachment had been held invalid, and the only question presented was the amount of damages suffered by the mortgagor in whose possession the property was when taken. The mortgagor, not the mortgagee, was the one who was allowed damages caused by the wrongful attachment.

The holding of the court in the Keith-Haggart case, supra, is based upon the premise that the sheriff is simply without power to make a levy upon property subject to a mortgage without first complying with the statute. If the sheriff attempts to levy without such compliance he is a trespasser and his acts are "illegal and void." The California case takes the same position, and such we believe is the im-

port of the other cases referred to which in effect hold that the statute prescribes a condition precedent to a legal levy. We are convinced that this construction of our statute, which has been the construction placed thereon for more than sixty years, is sound. The sheriff in taking the possession of this automobile from the plaintiff under the attempted levy of May 18 was a mere trespasser. The attempted levy created no lien.

The judgment appealed from is reversed.

All the Judges concur.