SCHIEVELBEIN, Respondent, v. BOOS et al., Appellants

(54 N. W.2d 172)

(File No. 9281.  Opinion filed June 24, 1952)

Rehearing denied July 22, 1952

**Tom Kirby, Blaine Simons, Louis H. Smith,** Sioux Falls, for Appellants.

**Henry C. Mundt, Danforth & Danforth,** Sioux Falls, for Respondent.

RUDOLPH, J.  This appeal relates to a retrial of the action, Schievelbein v. Boos, 73 S.D. 527, 45 N.W.2d 453. The action for conversion of an automobile which we held on the prior appeal was illegally levied upon and seized by the sheriff.  The trial court held the sheriff liable in conversion, and the sheriff and his bondsman appeal.

On this appeal appellants accept the prior holding that the levy was illegal, but contend that the sheriff should not be held liable as determined by the trial court because of certain stipulations entered into by counsel for the parties, which, appellants assert, operate as a consent by plaintiff to the holding of the car by the sheriff.

The facts relating to the issue presented are undisputed.

The car was taken by the sheriff under an execution in an action referred to as the "Holloway case", on July 9. On July 11 the plaintiff served a written demand for the car on the sheriff. On July 14 the trial court issued an order in the Holloway case directing plaintiff to set forth any claim she had to the car. This order contained the following:

"It Is Further Ordered that until the final decision hereon all proceedings be stayed and that said sheriff retain possession of said automobile but that the same be not sold at execution sale until such final decision."

By stipulations the hearing on this order was continued from time to time. The stipulations were all signed by Mr. Mundt as attorney for Ella Schievelbein, the plaintiff in this action, and at least one of the stipulations recited that the order of the court which included the direction to the sheriff, "remain in full force and effect until the final decision in this action."

This action was commenced on July 19. On Sept. 3 it was stipulated in writing by counsel representing the parties that the action be tried on September 9, "and that the order issued on July 14, 1949, in the case of Tobe Holloway, plaintiff, v. B. L. Brune, defendant, shall remain in full force and effect until the final decision in this action."

The sheriff retained possession of the automobile without making any attempt to sell it under the levy made in the Holloway case, until the decision of this court was announced on the prior appeal, when he immediately offered to return the car to the plaintiff, but this offer was refused.

The trial court found the value of the car when taken by the sheriff was $1,450 and the value at the time of the trial $900. Judgment was entered in favor of the plaintiff for $1,450, or, at defendants' election for a return of the car to plaintiff and payment of damages of $550.

As we view appellans' position it is substantially as follows. They concede that the taking of the car by the sheriff was illegal, and they make no objection to that part of the judgment ordering the return of the car. Their objection goes to the payment of the damages caused by the depreciation of the car while held by the sheriff. It is ap-

pellants' contention that respondent consented by these stipulations to the car being held by the sheriff, and is not, therefore, entitled to damages incurred during the time the car was held which resulted only from depreciation caused by time, and not caused by any act of the sheriff other than retaining the car.

That counsel for plaintiff did consent by these stipulations to the holding of the car by the sheriff is beyond dispute in this record.

■ We consider first the effect of the consent, assuming that counsel had the authority to bind the plaintiff. Had not the consent been given the temporary order of the court directing the sheriff to hold the car would no doubt have been promptly disposed of. But with the order in effect consented to by all parties, the sheriff had no alternative but to retain the car as directed. To now hold that the sheriff should pay damages incurred because the car was held as agreed to by plaintiff would be to burden the sheriff for doing precisely the thing that plaintiff had joined in asking him to do. We believe it evident, therefore, had plaintiff herself agreed as did her counsel she could not claim damage for this depreciation. Midland Acceptance Corp. v. General Motors Acceptance Corp., 49 Ohio App. 243, 197 N.E. 120.

■ A determination of the authority of counsel is decisive of the issue presented.

It is clear that the signing of the stipulations did not destroy plaintiff's cause of action against the sheriff. The cause of action remained, the only question is the authority of counsel to agree to the holding of the car pending the final disposition of the controversy. The general holdings to the effect that an attorney, merely by virtue of his employment, has no implied authority to release his client's claim or cause of action or compromise or settle his claim are not, in our opinion, controlling in this dispute.

SDC 32.1202 provides:

"An attorney and counselor at law has power: * * * To bind his client to any agreement in respect to any proceeding within the scope of his proper duties and powers; * * *."

In this case it was the seizure of the automobile that was in dispute. Plaintiff was claiming the automobile as her property and had the sheriff returned the car soon after its seizure the main purpose of the action would have been accomplished. The damage due to the depreciation was no part of the original claim, but a mere incident arising out of the proceedings as conducted by the attorney in good faith. It is entirely possible that if the car was held by the sheriff until the final disposition of the controversy a judgment in plaintiff's favor would be simplified in its execution. To hold that the attorney was not acting "within the scope of his proper duties and powers" by agreeing to the holding of the car until the final decision would, we believe, be placing too narrow a limit upon the authority of counsel in the prosecution of cases of this kind. A variety of reasons might appear to counsel whereby he in good faith believes that a holding of the property in this type of case might better accomplish the main purpose of the action. To hold that he is without authority to agree to such a holding without special consent given him by his client we do not believe would be in accord with general practice and would place restrictions upon the authority of an attorney which would unduly interfere with his duty to conduct the litigation. The fact that in this case depreciation resulted while the property was being held does not, in our opinion, affect the general power of the attorney.

The judgment appealed from is reversed.

SICKEL, P. J., and ROBERTS and LEEDOM, JJ., concur.

SMITH, J., dissents.